Keith S. Dubanevich, OSB No. 975200
Cody Berne, OSB No. 142797
**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840
Email: kdubanevich@stollberne.com
         cberne@stollberne.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

|  |  |
|---|---|
| McKENZIE LAW FIRM, P.A., and OLIVER LAW OFFICES, INC. on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUBY RECEPTIONISTS, INC.,<br><br>Defendant. | Case No.   3:18-cv-01921<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs McKenzie Law Firm, P.A. ("MLF") and Oliver Law Offices, Inc. ("OLO," and

with MLF, "Plaintiffs"), by their undersigned counsel, allege the following upon personal

Page 1 – CLASS ACTION ALLEGATION COMPLAINT

knowledge as to their own acts, and upon information and belief as to all other matters. Plaintiffs' information and belief are based upon an investigation conducted by counsel.

## INTRODUCTION

1.     Plaintiffs bring this action on their own behalf, and as a class action against Defendant Ruby Receptionists, Inc. ("Ruby") on behalf of all persons or entities in the United States who have contracted with Ruby for call answering and messaging services within the statute of limitations periods, until May 31, 2018, for the causes of action alleged herein.

2.     This case is about Ruby breaching its contracts.  Ruby systematically breaches its agreements with clients by charging for time callers are on hold, rounding up its billable receptionist time, neglecting to disclose these practices, and failing to make available all the receptionist time Ruby contracted to provide.

## THE PARTIES

3.     Plaintiff MLF is a law firm in Pensacola, Florida.  On or about April 27, 2016, MLF contracted with Ruby to provide receptionist services.  MLF recently discovered that Ruby has been systematically overcharging MLF.

4.     Plaintiff OLO is a law firm in Dublin, Ohio.  On or about October 16, 2012, OLO contracted with Ruby to provide receptionist services.  OLO recently discovered that Ruby has been systematically overcharging OLO.

5.     Defendant Ruby is a Delaware corporation with its corporate headquarters in Portland, Oregon.  Ruby operates the website callruby.com and provides remote telephone reception services throughout the United States, including live answering of telephone calls and routing and messaging for those calls.

Page 2 – CLASS ACTION ALLEGATION COMPLAINT

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in

controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which

some members of the Class are citizens of different states than the Defendant.  *See* 28 U.S.C.

§ 1332(d)(2)(A).  This Court has supplemental jurisdiction over the state law claims pursuant to

28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendant because Defendant maintains

its corporate headquarters in Portland, Oregon, and the relevant conduct occurred in Oregon.

8.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because Defendant

maintains its corporate headquarters in Portland, Oregon.

9.     This Court additionally has jurisdiction over this matter, and this matter is

properly venued in this Court, because the "Ruby Receptionists Terms and Conditions" agreed to

by the parties and each Ruby client, provides:

> The laws and jurisdiction of the state of Oregon shall govern any
> and all matters of dispute between Ruby and Client.  Any dispute
> arising from these Terms and Conditions shall be resolved in the
> state or federal courts located in Multnomah County, Oregon, and
> the parties irrevocably consent to jurisdiction in such courts.

10.     Based upon the above Terms and Conditions, Ruby has consented to have this

action heard in this Court, whether or not such court would otherwise have jurisdiction or venue.

## FACTUAL ALLEGATIONS

11.     Ruby has offered remote telephone receptionist services to businesses in the

United States since 2003.

Page 3 – CLASS ACTION ALLEGATION COMPLAINT

12.     Through its call centers, including the call center located in Portland, Oregon, Ruby offers clients the ability to make outbound calls and to receive incoming calls and route them back to the client or to accept messages.

13.     Ruby offers its services to clients on a timed basis, with service plans providing for minimum amounts of "Receptionist Minutes" at fixed prices, plus excess "Receptionist Minutes" for additional fees.

14.     At least until the end of the class period, Ruby provided a page of "frequently asked questions" on its website, including how a "Receptionist Minute" was calculated.  It explained:

> **What is a "receptionist minute"?**
>
> We only charge for the time that the receptionist is involved in the call; there are no charges per transfer, per message, or for the time that you talk to your caller.

*See* https://www.callruby.com/services/faqs/

15.     Ruby markets its services to businesses with high value calls such as law firms, and Ruby's clients pay high rates for its services.  For example, Plaintiff MLF agreed to pay $2.34 per minute ($140.48 per hour) for Ruby to receive and handle calls.

16.     Ruby has calculated "receptionist minutes" in a very different manner than it represented or which the parties agreed upon by charging for time beyond "the time that the receptionist is involved in the call."  Specifically, Ruby systematically overcharges its clients by 1) rounding up receptionist time beyond that actually spent by a receptionist on the call and 2) by charging for receptionist time while a caller is in a hold queue waiting for the call to be received when no receptionist is involved with the call, and then also rounding up the period of time the caller is on hold.

Page 4 – CLASS ACTION ALLEGATION COMPLAINT

17.     Because of these systematic, undisclosed rounding and hold time charges, Ruby violates its contracts with its clients and unjustly enriches itself by 1) failing to deliver the quantity of Receptionist Minutes called for in its contracts and 2) overcharging its clients for Receptionist Minutes used in excess of their monthly allotment.

18.     While Ruby has profited from this misconduct, it has also benefitted by not paying for the staff and infrastructure necessary to make available the amount of Receptionist Minutes Ruby contracted to provide.

### A.     *Ruby's Rounding-Up of Receptionist Minutes*

19.     Although Ruby's representations and agreements with its clients provide that they will be billed only for "the time that the receptionist is involved in the call," Ruby instead rounds up all of its charges for receptionist time to the next half minute.  To illustrate, for a call in which a Ruby receptionist is involved with a caller for 2 minutes and 1 second (2:01), Ruby bills its clients for 2 minutes and 30 seconds (2:30), rather than the actual 2:01 "that the receptionist is involved in the call."

20.     Given that Ruby rounds up every call that does not end in a half-minute or full-minute increment for thousands of clients, this overcharging is a windfall for Ruby.

21.     No disclosure of Ruby's rounding up of its Receptionist Minutes is made before a client enters into a contract with Ruby nor at the time of contracting.  Instead, only after clients have agreed to the "Ruby Receptionists Terms and Conditions" on Ruby's website are Ruby's clients provided with a "Welcome" email.  Buried in the "Welcome" email is an invitation to "Check out our list of handy FAQs by clicking here."  That link leads to a set of FAQs which are unreachable from, and unlinked to, Ruby's homepage.  These FAQs are unavailable to clients before or at the time a client enters into a contract with Ruby.

Page 5 – CLASS ACTION ALLEGATION COMPLAINT

22.     It is only on this hidden and unlinked FAQ page (unreachable by link from any publicly accessible part of Ruby's website)—which most clients will not read, let alone before entering into a contract with Ruby—that a client could find information about Ruby's rounding practices.  This hidden and obscure FAQ page, provided only after clients have contracted with Ruby, and which contradicts information previously provided to its clients, is legally insufficient to alter Ruby's contract with its clients.

23.     Ruby had the opportunity to accurately disclose its billing practices before and at the time of contracting, but chose not to do so.

### B.    *Ruby's Charging for Time Periods Beyond Those in Which a Receptionist is "Involved in the Call"*

24.     Since it began operations in 2003, Ruby's client roster has grown to include thousands of small businesses throughout the United States, including Plaintiffs MLF and OLO. Ruby claims that over 8000 small businesses "rely on Ruby to provide great customer service."[1]

25.     Although its customers and call volume has increased significantly, Ruby's staffing of receptionists to answer and respond to these calls has not kept up.

26.     As a result of Ruby's inability or unwillingness to increase its staff sufficiently to immediately answer, receive, and handle incoming calls, Ruby's call center receptionists regularly put callers in a hold queue so that the receptionists can first respond to other previously queued calls.  Callers are routinely placed on hold for as long as several minutes.

27.     Ruby overcharges its clients by billing for the time in which callers are in the hold queue, even though no receptionist is "involved in the call" during this period of time.  Callers are put on hold for Ruby's convenience and to accommodate its inadequate staffing.

---

[1] *See* https://www.callruby.com/services/services-features/

Page 6 – CLASS ACTION ALLEGATION COMPLAINT

28.     Ruby could have disclosed that it charged for the time a caller was in the hold queue but chose not to do so.  Billing for hold time is not disclosed at the time a client enters into a contract or at any point thereafter.

29.     Because the time on hold is also subject to Ruby's unauthorized rounding up of receptionist time in excess of what is called for in the parties' agreements, Ruby's clients are doubly overcharged for hold time.

30.     Prior to May 31, 2018, Ruby did not disclose that "receptionist minutes" included the time callers were in the hold queue, nor did it disclose that it also rounds up to the next half minute for such time.

31.     Due to these systematic overcharges, Plaintiffs and the Class have sustained damages by having access to fewer Receptionist Minutes than called for in their contracts with Ruby and/or being overcharged for excess Receptionist Minutes used during a monthly billing period.  The excess minutes billed to Plaintiffs and the class would have been included in the normal monthly allotment of minutes—and not subject to charges for excess minutes—if not for Ruby's undisclosed practices of rounding up and billing for hold queue time.

32.     Ruby's systematic overbilling has caused Plaintiffs and the Class to receive fewer Receptionist Minutes than called for under their contracts with Ruby, as well as the payment of material overcharges.  Plaintiff and the Class have been harmed by Ruby's failure to comply with its contracts.

## CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all members of the following class (the "Class"):

Page 7 – CLASS ACTION ALLEGATION COMPLAINT

> All persons or entities in the United States who have been clients for Ruby's call answering and messaging services at any time during the period from October 13, 2011, through May 31, 2018.

34.    Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in (or is under common control with) Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

35.    The Class meets all of the criteria required by Federal Rule of Civil Procedure 23(a).

36.    **Numerosity:**  The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, the Class has more than 100 members.

37.    **Commonality:** There are numerous questions of law and fact common to Plaintiffs and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

a.    Whether Ruby unlawfully overcharges its clients for its services by rounding up receptionist time beyond that actually spent involved handling a call;

b.    Whether Ruby has serially breached its contracts with class members by delivering fewer Receptionist Minutes than called for under its contracts with its clients by including time callers spent in a hold queue and rounding up within Receptionist Minutes;

c.    Whether Ruby unlawfully overcharges for receptionist time while a caller is in a hold queue waiting for the call to be received, when no receptionist is involved with the call;

Page 8 – CLASS ACTION ALLEGATION COMPLAINT

d.      Whether Ruby has failed to make available all the receptionist time that it contracted with its clients to provide;

e.      Whether Ruby has breached its contracts with the Class;

f.      Whether Ruby has been unjustly enriched as a result of the billing practices complained of herein; and

g.      Whether members of the Class are entitled to damages, restitution, injunctive relief, an accounting, constructive trust, or other monetary or equitable relief, and, if so, the methodology of determining such relief.

38.    Common sources of evidence may also be used to demonstrate Ruby's unlawful conduct on a class-wide basis, including but not limited to documents and testimony about its public statements, advertising, marketing, and other media, and its records of sales and transactions.

39.    **Typicality:** Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs' claims and the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal, equitable, and remedial theories.  Plaintiffs have no interests adverse to the interests of the other members of the Class.

40.    **Adequacy:** Plaintiffs fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with experience in complex and class action litigation.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

41.    Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and

Page 9 – CLASS ACTION ALLEGATION COMPLAINT

members of the Class predominate over any individual issues.  Adjudication of these common

issues in a single action has important and desirable advantages of judicial economy.

42.     The Class also satisfies the criteria for certification under Federal Rule of Civil

Procedure 23(b) and 23(c).  Among other things, Plaintiffs aver that the prosecution of separate

actions by the individual members of the proposed class would create a risk of inconsistent or

varying adjudication which would establish incompatible standards of conduct for Ruby; that the

prosecution of separate actions by individual class members would create a risk of adjudications

with respect to them which would, as a practical matter, be dispositive of the interests of other

class members not parties to the adjudications, or substantially impair or impede their ability to

protect their interests; that Ruby has acted or refused to act on grounds that apply generally to the

proposed classes, thereby making final injunctive relief or declaratory relief described herein

appropriate with respect to the proposed classes as a whole; that questions of law or fact common

to the Class predominate over any questions affecting only individual members and that class

action treatment is superior to other available methods for the fair and efficient adjudication of

the controversy which is the subject of this action.  Plaintiffs also aver that certification of one or

more subclasses or issues may be appropriate for certification under Federal Rule of Civil

Procedure 23(c).  Plaintiffs further state that the interests of judicial economy will be served by

concentrating litigation concerning these claims in this Court, and that the management of the

Class will not be difficult.

43.     Plaintiffs and other members of the Class have suffered damages as a result of

Ruby's unlawful and wrongful conduct.  Absent a class action, Ruby will retain substantial funds

received as a result of its wrongdoing, and such unlawful and improper conduct shall, in large

measure, not go remedied.  Absent a class action, the members of the Class will not be able to

Page 10 – CLASS ACTION ALLEGATION COMPLAINT

effectively litigate these claims and will suffer further losses, as Ruby will be allowed to

continue such conduct with impunity and retain the proceeds of its ill-gotten gains.

44.     A class action is the superior method for the fair and efficient adjudication of this

controversy.  Class-wide relief is essential to compel Defendant to comply with its legal

obligations.  The interest of individual members of the Class in individually controlling the

prosecution of separate claims against Defendant is small because the damages and other

remedies available in an individual action against Defendant for failing to comply with its

obligations under the law are small.  Class treatment is superior to multiple individual suits or

piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency

of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be

no significant difficulty in the management of this case as a class action.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

45.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 above.

46.     Plaintiffs engaged Ruby to provide various services to Plaintiffs pursuant to the

terms of the agreement between the parties (the "Agreement").

47.     The Agreement is a valid and enforceable contract, supported by due

consideration on all sides.  Plaintiffs have fully performed, complied with, and/or satisfied all

obligations, terms, and conditions of its contractual relationship with Defendant.

48.     Pursuant to the Agreement, Ruby agreed to, *inter alia*, provide a virtual

receptionist service dedicated to creating real, meaningful connections with Plaintiffs' callers,

and for such services, only charge for the time that the receptionist is "involved in the call."

Page 11 – CLASS ACTION ALLEGATION COMPLAINT

According to the Agreement, there are no charges per transfer, per message, or for the time Plaintiff or other members of the Class talk to their callers.

49.     Defendant materially breached the parties' Agreement by 1) delivering fewer Receptionist Minutes than called for due to its rounding up and charging for hold queue time; 2) rounding up receptionist time beyond the time actually involved in handling the call; and 3) charging for receptionist time while callers were in a hold queue waiting for their call to be received when no receptionist was involved with the call, and rounding that time up beyond the time a caller is actually on hold.

50.     Plaintiffs and the other members of the Class have been and will continue to be harmed as a direct and proximate result of Defendant's breach of the parties' Agreement.

51.     An accounting is necessary because it is difficult to determine the full extent of the harm caused by Defendant's misconduct and because Defendant is in complete control of information needed to make such a determination.

52.     Plaintiffs and the other members of the Class have suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

53.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 above.

54.     The implied covenant of good faith and fair dealing is incorporated by law into the Agreement.  This implied covenant required Defendant to exercise good faith and fair dealing in connection with the parties' performance under the Agreement and to act in a manner consistent with the parties' expectations.

Page 12 – CLASS ACTION ALLEGATION COMPLAINT

55.    Plaintiffs had an objectively reasonable expectation that it would be billed fairly and accurately and that they would have made available to them the full allotment of Receptionist Minutes as called for in their agreements.

56.    Defendant breached the implied covenant of good faith and fair dealing contained in the parties' Agreement by, *inter alia*: (a) wrongfully billing for time that had been rounded up, to the benefit of Defendant; (b) wrongfully charging for receptionist time while callers were in a hold queue waiting for their calls to be received while no receptionist was involved with the call; and (c) failing to deliver the contracted for quantity of Receptionist Minutes due to its undisclosed billing practices in contravention of its contractual obligations.

57.    Defendant's conduct was directly contrary to the parties' clear intent and reasonable expectations that Defendant would not charge Plaintiff or other members of the Class for time in excess of that in which a receptionist is actually involved in the call, without rounding up, or for periods of time in which callers remained in a hold queue waiting for their calls to be received and rounding up the time while on hold.

58.    Plaintiffs and the other members of the Class have been and will continue to be harmed as a direct and proximate result of Defendant's breaching of its implied covenant of good faith and fair dealing.

59.    An accounting is necessary because it is difficult to determine the full extent of the harm caused by Defendant's misconduct and because Defendant is in complete control of information needed to make such a determination.

60.    Plaintiffs and the other members of the Class have suffered damages in an amount to be determined at trial.

Page 13 – CLASS ACTION ALLEGATION COMPLAINT

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

61.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 above.

62.     Defendant was unjustly enriched by its wrongful conduct at the expense and to the detriment of Plaintiffs and the other members of the proposed Class.  Defendant was aware that it had received the benefit of its wrongfully obtained overcharges.

63.     It would be inequitable and unconscionable for Defendant to enjoy the benefit of its wrongful conduct.

64.     An accounting is necessary because it is difficult to determine the full extent of Defendant's unjust enrichment and because Defendant is in complete control of information needed to make such a determination.

65.     Plaintiffs and the other members of the proposed Class are entitled to recover any and all amounts proven to have enriched Defendant arising from Defendant's wrongful conduct, which amounts will be determined at trial.

## FOURTH CAUSE OF ACTION
### (Money Had and Received – Accounting)

66.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 above.

67.     The overcharges deceptively obtained by Defendant from Plaintiffs and the other members of the proposed Class justly and equitably belong to Plaintiffs and the Class.

68.     Defendant's actions harmed Plaintiffs and the Class by causing Plaintiffs and the other members of the Class to overpay for the services at issue.

69.     Ruby is indebted to Plaintiffs and the other members of the proposed Class the amount had and received by Defendant.

Page 14 – CLASS ACTION ALLEGATION COMPLAINT

70.     Permitting Defendant to wrongfully retain the benefits and profits (in the form of money rightfully belonging to Plaintiffs and the other members of the Class) from its unlawful scheme would be unjust and unconscionable.

71.     Despite demand, Defendant has wrongfully failed and refused to pay said sum to Plaintiffs and the other members of the Class.

72.     An accounting is necessary because it is difficult to determine the full extent of the money had and received and wrongfully retained by Defendant and because Defendant is in complete control of information needed to make such a determination.

73.     Plaintiffs and the other members of the Class have been damaged in an amount to be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request of this Court the following prayer for relief, on behalf of themselves and Class members:

A.     An order certifying the Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiffs and their counsel to represent them and the Classes;

B.     An award of damages in an amount to be determined at trial;

C.     Restitution and disgorgement of amounts overcharged and received by Defendant;

D.     Pre-judgment interest;

E.     Post-judgment interest;

F.     Declaratory relief;

G.     An order requiring an accounting with respect to (i) the amounts Defendant unlawfully overcharged its clients by rounding up receptionist time beyond that actually spent involved handling a call; (ii) the amounts Defendant unlawfully overcharged for receptionist

Page 15 – CLASS ACTION ALLEGATION COMPLAINT

time while a caller was in a hold queue waiting for the call to be received, when no receptionist was involved with the call; and (iii) the amounts Defendant wrongfully received and retained as a result of its unlawful overcharging practices;

      H.     An order enjoining Defendant from (i) unlawfully overcharging its clients by rounding up receptionist time beyond that actually spent involved handling a call; and (ii) unlawfully overcharging for receptionist time while a caller was in a hold queue waiting for the call to be received, when no receptionist was involved with the call;

      I.     Attorneys' fees, costs, disbursements, and expenses of suit, including expert witness fees; and

      J.     Such other relief as the Court may deem appropriate.

### <u>JURY TRIAL DEMANDED</u>

Plaintiffs hereby demand a trial by jury on all matters so triable.

DATED this 2nd day of November, 2018.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: <u>s/ Keith S. Dubanevich</u>
     **Keith S. Dubanevich,** OSB No. 975200
     **Cody Berne**, OSB No. 142797

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840
Email:    kdubanevich@stollberne.com
         cberne@stollberne.com

-And-

Page 16 – CLASS ACTION ALLEGATION COMPLAINT

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (*pro hac vice* to be sought)
Matthew B. George (*pro hac vice* to be sought)
Mario M. Choi (*pro hac vice* to be sought)
350 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4709
Email:      lking@kaplanfox.com
                mgeorge@kaplanfox.com
                mchoi@kaplanfox.com

-And-

**LAX LLP**
Robert I. Lax (*pro hac vice* to be sought)
380 Lexington Avenue, 31st Floor
New York, NY  10168
Telephone:  (212) 818-9150
Facsimile:  (212) 208-4309
Email:      rlax@lax-law.com

-And-

**BARON & HERSKOWITZ**
Jon M. Herskowitz (*pro hac vice* to be sought)
9100 S Dadeland Blvd #1704
Miami, FL 33156
Telephone:  (305) 670-0101
Fax:          (305) 670-2393
Email:        jon@bhfloridalaw.com

-And-

**BROD LAW FIRM, PC**
Gregory J. Brod (*pro hac vice* to be sought)
96 Jessie Street
San Francisco, CA 94105
Telephone:  (415) 397-1130
Email:        gregb@brodfirm.com

*Attorneys for Plaintiffs*

Page 17 – CLASS ACTION ALLEGATION COMPLAINT