IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MCKENZIE LAW FIRM, P.A., AND OLIVER LAW OFFICES, INC.**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **RUBY RECEPTIONISTS, INC.**, <br><br> Defendant. | Case No. 3:18-cv-1921-SI <br><br> **OPINION AND ORDER** |

Keith S. Dubanevich and Cody Berne, STOLL STOLL BERNE LOKTING & SCHLACHTER, PC, 209 SW Oak Street, Suite 500, Portland OR 97204. Of Attorneys for Plaintiffs.

Andrew R. Escobar and Austin Rainwater, DLA PIPER LLP, 701 Fifth Avenue, Suite 6900, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

McKenzie Law Firm, P.A. ("McKenzie") and Oliver Law Offices, Inc. ("Oliver") bring this putative class action against Ruby Receptionists, Inc. ("Ruby"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and money had and received. Ruby has moved to dismiss or stay this action, pending resolution of an earlier-

filed putative class action in state court brought by a different plaintiff alleging substantially similar claims against Ruby. For the following reasons, Ruby's motion is DENIED.

**STANDARDS**

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the United States Supreme Court upheld the fundamental principle that absent exceptional circumstances, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction concurrently with other courts. *Id*. at 817. Under an exception now known as the "*Colorado River* doctrine," there may be rare circumstances in which "a federal district court may decline to exercise or postpone the exercise of its jurisdiction when there are concurrent state and federal suits and when doing so would promote wise and sound judicial administration." *In re Galena Biopharma, Inc. Derivative Litig.*, 83 F. Supp. 3d 1033, 1039 (D. Or. 2015) (citing *Colorado River*, 424 U.S. at 817). "Only in rare cases will 'the presence of a concurrent state proceeding' permit the district court to dismiss a concurrent federal suit 'for reasons of wise judicial administration'" *R.R. Street & Co., Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818). The Supreme Court has carefully circumscribed the *Colorado River* doctrine, emphasizing that "[a]bdication of the obligation to decide cases can be justified" only in "exceptional circumstances." *Moses H. Cone Mem'l Hosp., v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983) (quoting *Colorado River*, 424 U.S. at 813)).

When parallel suits are filed in state and federal court, the Ninth Circuit has recognized the following eight factors to be considered in determining whether a stay or dismissal under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums

> obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co.*, 656 F.3d at 978-79.

These factors are not a "mechanical checklist," and courts "examine them in 'a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (quoting *Moses H. Cone*, 460 U.S. at 16, 21). Courts must carefully balance these factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

## BACKGROUND

Ruby is a business based in Portland, Oregon that provides receptionist services to small businesses throughout North America. Many of its clients are small law firms and solo practitioners. Ruby's clients enter into contracts with Ruby to purchase receptionist services and are billed based on the quantity of "receptionist minutes" used or contracted for per month.

In October of 2017, Shapiro Law Group ("Shapiro"), one of Ruby's law firm clients, filed a putative class action in Multnomah County Circuit Court in Oregon ("the State Court Action"). The putative class in that action consists of all of Ruby's clients nationwide for call answering and messaging services. Shapiro alleges that Ruby failed properly to disclose to its clients its practice of rounding up to the nearest increment of 30 seconds when calculating a "minute" billed to its clients and that Ruby also failed to disclose to its clients that Ruby includes in its client billings time that callers are placed on hold.

PAGE 3 – OPINION AND ORDER

In the State Court Action, Ruby moved to dismiss the First Amended Complaint under Rule 32 I of the Oregon Rules of Civil Procedure, which is a state court rule that may be unique to Oregon. That rule prohibits the maintenance of a class action for damages if all class members have been identified and notified that, upon request, the defendant will appropriately compensate each requesting class member for the harm suffered, the defendant actually compensates the requesting class members (or will do so within a reasonable time), and the defendant has ceased engaging in the allegedly wrongful conduct.[1] On September 27, 2018, the court in the State Court Action issued a letter ruling allowing Ruby to file an amended motion under Rule 32 I. The letter ruling also found that Shapiro had established a claim for damages for Defendant's rounding practices. On October 31, 2018, Ruby filed its amended motion under Rule 32 I, which is pending in the State Court Action. A class has not yet been certified in the State Court Action.

---

[1] Rule 32 I of the Oregon Rules of Civil Procedure provides:

**Limitation on maintenance of class actions for damages**. No action for damages may be maintained under the provisions of sections A and B of this rule upon a showing by a defendant that all of the following exist:

I(1)   All potential class members similarly situated have been identified, or a reasonable effort to identify such other people has been made;

I(2)   All potential class members so identified have been notified that upon their request the defendant will make the appropriate compensation, correction, or remedy of the alleged wrong;

I(3)   Such compensation, correction, or remedy has been, or, in a reasonable time, will be, given; and

I(4) Such person has ceased from engaging in, or if immediate cessation is impossible or unreasonably expensive under the circumstances, such person will, within a reasonable time, cease to engage in such methods, acts, or practices alleged to be violative of the rights of potential class members.

Or. R. Civ. P. 32 I.

On November 2, 2018, after the state court issued its letter ruling in the State Court Action on September 27, 2018, McKenzie and Oliver filed this putative class action lawsuit in federal court under the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d)(2)(A). McKenzie and Oliver are or were clients of Ruby and allege that Ruby failed properly disclose how it bills clients for time spent handling incoming calls. Because the claims alleged by McKenzie and Oliver are substantially the same as the claims alleged by Shapiro in the State Court Action, Ruby invokes the *Colorado River* doctrine in support of its motion to dismiss or stay the later-filed federal lawsuit.

## DISCUSSION

The Court begins its analysis of the *Colorado River* factors mindful that "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813.

### a. Jurisdiction over a *Res*

The first factor is not implicated. This case does not involve any specific *res*, or item of property. There is no possibility that parallel proceedings will result in inconsistent disposition of a single piece of property. Thus, this factor does not support Ruby's motion. *See Seneca*, 862 F.3d at 842.

### b. Convenience of Forum

The second factor also is not implicated. Although Ruby is a Delaware corporation, it maintains its principal place of business and corporate headquarters in Oregon. More significantly, both the State Court Action and the federal court lawsuit are pending in Portland, Oregon. Thus, the federal forum is not more inconvenient than the state forum, and this factor does not support Ruby's motion. *See Seneca*, 862 F.3d at 842 n.1.

### c. Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). The interest in avoiding piecemeal litigation is a "substantial factor in the *Colorado River* analysis." *Seneca*, 862 F.3d at 842. "A general preference for avoiding piecemeal litigation is insufficient to warrant abstention, however." *Id.* Any case in which *Colorado River* is implicated will necessarily involve some possibility of conflicting results and piecemeal litigation. "[C]onflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to . . . federal relief." *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 1991).

For the risk of piecemeal litigation to weigh in favor of abstention, "there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic." *Seneca*, 862 F.3d at 843. Such exceptional circumstances may arise if the state proceedings are more advanced and the state court has already decided issues that are now before the federal court, if the state action is "vastly more comprehensive" than the federal action, or if there is evidence of a strong federal policy against piecemeal legislation in favor of trying all of the claims in state court. *In re Galena*, 83 F. Supp. 3d at 1040.

In *Colorado River*, there were exceptional circumstances that made piecemeal litigation inappropriate because water was a scare and limited resource, and the federal law at issue in the case, the McCarran Amendment, demonstrated a "clear federal policy [of] . . . the avoidance of piecemeal adjudication of water rights in a river system." *Colorado River*, 424 U.S. at 819-20. There is no similar federal legislation evincing a federal policy to avoid piecemeal litigation in the pending case. As another court observed, "[t]his case involves ordinary contract . . . issues

PAGE 6 – OPINION AND ORDER

and thus is unlike *Colorado River* where important real property rights were at stake and where there was a substantial danger of inconsistent judgments." *Madonna*, 914 F.2d at 1369. The Court does not find any exceptional circumstances making piecemeal litigation inappropriate in this case. The allegations in the State Court Action are not vastly more comprehensive than the allegation in this federal action, and the state court has not finally resolved any issues on the merits that this Court will be asked to decide in the first instance. Although abstention would eliminate the risk of piecemeal litigation inherent all concurrent litigation, the facts and issues involved in this case do not demonstrate "a special or important rationale or legislative preference for resolving these issues in a single proceeding." *Seneca*, 862 F.3d at 843. This factor weighs against abstention.

        **d. Order of Obtaining Jurisdiction**

When considering the order in which each forum obtained jurisdiction, "priority is not measured exclusively in terms of when the complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions." *Am. Int'l Underwriters,* 843 F.2d at 1258. The State Court Action, although filed a year before the federal action, has not progressed significantly towards final disposition of the claims. Ruby's motion to dismiss under Rule 32 I of the Oregon Rules of Civil Procedure is still pending before the state court. Although discovery relating to that motion has been ongoing in the State Court Action, the state court only relatively recently granted Shapiro's motion to compel the production of documents. The State Court Action has not progressed beyond the pending motion under Rule 32 I and limited discovery relating to that motion. *Cf. R.R. Street*, 656 F.3d at 980 (noting that state court had already "conducted discovery, initiated a phased approach to the litigation and issued an order concerning foundational legal matters"); *Am Int'l Underwriters*, 843 F.2d at 1258 (noting that "substantive progress" had been made in the "two-and-a-half-years of litigation in state court").

PAGE 7 – OPINION AND ORDER

Further, "the mere fact that parallel proceedings may be further along does not make a case 'exceptional' for the purpose of invoking the *Colorado River* exception to the general rule that federal courts must exercise their jurisdiction concurrently with courts of other jurisdictions." *Neuchatel*, 925 F.2d at 1195. Although the State Court Acton was filed first and has made some progress, it has not progressed far toward resolving the merits of the dispute and few, if any, substantive legal rulings have been issued. Accordingly, this factor weighs only slightly, if at all, in favor of abstention.

    e.  **Source of Law**

The claims involved in both actions are governed exclusively by state law, but that factor does not automatically weigh in favor of abstention. The presence of federal-law issues always weighs heavily "against surrender," but the converse is not automatically true. *R.R. Street*, 656 F.3d. at 980. "[T]he 'presence of state-law issues may weigh in favor of that surrender' only 'in some rare circumstances.'" *Madonna*, 914 F.2d at 1370 (quoting *Moses Cone*, 460 U.S. at 26). The federal complaint alleges claims of breach of contract, breach of the implied covenant of good faith, unjust enrichment, and money had and received. These are routine state common law claims, which the Court is fully capable of resolving. This factor does not support dismissal or a stay. As in *Seneca*, *Madonna*, and *R.R. Street*, "the claims ultimately boil down to arguments about . . . breach of contract," which does not raise the "rare circumstances required for the rule of decision factor to weigh toward abstention." *Seneca*, 862 F.3d at 844 (citing *Madonna* and *R.R. Street*).

    f.  **Adequacy of State Forum**

A district court should not dismiss or stay a federal proceeding if there is a danger that the state court action might not "adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state

PAGE 8 – OPINION AND ORDER

proceeding, a stay or dismissal is inappropriate." *R.R. Street*, 656 F.3d at 981. This factor "pertains to whether there is an impediment to the state court protecting the litigants' federal rights." *Seneca*, 862 F.3d at 845. "If there is any substantial doubt" as to whether "the state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," "it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone*, 460 U.S. at 28.

Oregon's unique Rule of Civil Procedure 32 I raises some doubt as to whether the state court action can result in a final disposition on the merits. Ruby's motion under Rule 32 I is pending before the state court. If that motion is granted, it is unclear whether McKenzie and Oliver, the named plaintiffs in the federal action, as well as any of putative class members in the federal case, would be permitted to maintain their claims for damages against Ruby in the State Court Action. Thus, if the State Court Action ends with the granting of Ruby's motion under Oregon's Rule 32 I, that conclusion might not result in an adjudication of McKenzie or Oliver's rights.

In adddition, even if the State Court Action does not end with a decision on Ruby's motion under Rule 32 I, the state court would then have to decide whether to certify a class. Because class certification has not yet been decided in the State Court Action, it is unknown how many of the putative class plaintiffs in the federal lawsuit may be included in any class certified in the State Court Action, or even whether the state court will certify a class at all. The Supreme Court's decision in 2018 in *China Agritech v. Resh* reinforces the importance of allowing the pending federal lawsuit to proceed. In *China Agritech*, the Supreme Court held that upon a denial of class certification, a putative class member may not commence a new class action beyond the time allowed by the applicable statute of limitations. *See* 138 S. Ct. 1800, 1804 (2018). Thus,

PAGE 9 – OPINION AND ORDER

although the State Court Action is pending, the statute of limitations continues to run for absent class members, and those persons cannot risk waiting to learn whether the state court certifies a class that will include them before deciding whether to bring their own claims as named plaintiffs. Because there is a possibility that those persons might not be able have their claims adjudicated in the State Court Action, it would be inappropriate to dismiss the federal action. *See Moses H. Cone*, 460 U.S. at 28. Further, because a party should not have to wait an unreasonably long time to obtain relief to which that person may legally be entitled, the Court concludes that it would be inappropriate to stay the federal action until the conclusion of the State Court Action, including any possible appeals from the State Court Action.

### g. Forum Shopping

Ruby argues that the McKenzie and Oliver have engaged in forum shopping by filing this nearly identical lawsuit in federal court after Shapiro faced a "litigation setback" in the State Court Action. Ruby asserts that McKenzie and Oliver, along with the putative federal class, are represented by the same counsel who represent Shapiro and the putative state class in the State Court Action. Although the filing of successive similar actions by the same counsel in different forums is often an indication that a party is involved in forum shopping, that factor is not dispositive. *See Ross v. U.S. Bank, Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1022-23 (N.D. Cal. 2008).

The Court declines to label McKenzie and Oliver's decision to file this federal lawsuit as "forum shopping." The putative class of federal plaintiffs assert claims that fall within federal court jurisdiction, and "the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." *First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 162 (9th Cir. 1997). After *China Agritech*, McKenzie and Oliver and the federal putative class do not want to wait to see how the proceedings progress in the State Court Action before bringing their own claims in federal court. Thus, the filing of

PAGE 10 – OPINION AND ORDER

this federal action appears to be less attributable to forum shopping and more a strategic decision to preserve the claims of absent class members before the statute of limitations may expire. Thus, Ruby's assertion of forum shopping do not tip the scale in favor of abstention.

### h. Resolution of All Issues

The final factor is whether the State Court Action sufficiently parallels the federal court proceeding to ensure a "comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817. Courts do not require "'exact parallelism' under this factor; it is sufficient if the proceedings are 'substantially similar.'" *Montanore*, 867 F.3d at 1170 (citation omitted). When analyzing this factor, courts have held that "'the existence of a substantial doubt as to whether the state proceedings will resolve the federal action' precludes a *Colorado River* stay or dismissal." *R.R. Street*, 656 F.3d at 982 (quoting *Smith v. Cent. Az. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005)). Courts are hesitant to find proceedings are so parallel as to merit abstention when the state court proceeding would resolve all issues *only if* certain other events occurred. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (declining to abstain because "concurrent state court proceedings will resolve all the issues in this action *only if* the arbitration award is confirmed and if the state court's resolution of the copyright challenge to the award is deemed to have collateral estoppel effect in federal court.") (emphasis in original). "Otherwise, a stay or dismissal will neither conserve judicial resources nor prevent duplicative litigation." *R.R. Street*, 656 F.3d at 965.

The State Court Action would resolve all issues in the federal action *only if* the state court action advances as a certified class that includes all of the putative federal class members and results in judgment on the merits, *or* if the state court grants Ruby's motion under Rule 32 I as to all of claims asserted in the federal lawsuit *and* the Rule 32 I order is deemed to have offensive collateral estoppel effect in federal court (and assuming no statute of limitations issues). If,

PAGE 11 – OPINION AND ORDER

however, the events do not unfold in that fashion, it is possible that some or all the claims asserted in the federal lawsuit will still need to be adjudicated in this federal forum. Thus, it is not at all clear that the State Court Action will resolve the claims raised in the federal lawsuit. Accordingly, this factor strongly weighs against abstention.

## CONCLUSION

Balancing the relevant factors, the Court does not find exceptional circumstances that warrant either a dismissal or stay of this action under the *Colorado River* doctrine. Accordingly, Defendant Ruby Receptionists, Inc.'s Motion to Dismiss or Stay Action (ECF 21) is DENIED.

**IT IS SO ORDERED**.

DATED this 25th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge