**Keith S. Dubanevich,** OSB No. 975200
**Cody Berne**, OSB No. 142797
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840
Email:          kdubanevich@stollberne.com
                cberne@stollberne.com
                mhoulihan@stollberne.com

Attorneys for Plaintiffs and the Class

[Additional Counsel on Signature Page.]


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| McKENZIE LAW FIRM, P.A., and OLIVER LAW OFFICES, INC. on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> RUBY RECEPTIONISTS, INC., <br><br> Defendant. | Case No. 3:18-cv-01921-SI <br><br> **JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEY FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS** |

We declare and state as follows:

1.      I, Keith Dubanevich, am a member of the bar of the State of Oregon and a shareholder at the law firm of Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne").

2.      I, Laurence King, am a member of the bar of the State of California, admitted *pro hac vice* in this matter, and am a partner at the law firm of Kaplan Fox & Kilsheimer LLP.

3.      I, Robert Lax, am a member of the bar of the State of New York, admitted *pro hac vice* in this matter, and am a partner at the law firm of Lax LLP.

4.      I, Jon M. Herskowitz, am a member of the bar of the State of Florida, admitted *pro hac vice* in this matter, and am a partner at the law firm of Baron & Herskowitz LLP.

5.      I, Gregory Brod, am a member of the bar of the State of California, admitted *pro hac vice* in this matter, and am a shareholder at the law firm of Brod Law Firm, P.C.

6.      We are co-lead counsel and Settlement Class Counsel for Court-appointed Class Representatives McKenzie Law Firm, P.A. ("McKenzie") and Oliver Law Offices, Inc. ("Oliver"). We are also counsel for Plaintiff Maiden Insurance LLC ("Maiden") in the action styled *Maiden Insurance LLC v. Ruby Receptionists, Inc.*, No. 17CV48545, currently pending in the Multnomah County Circuit Court (the "State Action").

7.      We have personal knowledge of the facts stated below and with the proceedings in this case. If called as witnesses, we would and could competently testify thereto to all facts within our personal knowledge.

8.      We respectfully submit this joint declaration in support of Plaintiffs' Motion for Final Approval and Award of Attorneys' Fees and Costs and Service Awards to Plaintiffs.

Page 1 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

9.      The purpose of this declaration is to summarize (a) the factual and procedural history of the above-captioned action ("Federal Action"), (b) the work performed by Class Counsel, (c) the terms of the Settlement, (d) the Notice program, and (d) the fees and expenses incurred to date.

## I.    INTRODUCTION AND SUMMARY OF WORK PERFORMED

10.      After years of hard-fought and contentious litigation, the Parties have reached an agreement to resolve the proposed Settlement Class's claims against Ruby pursuant to the Settlement Agreement.[1] The Settlement was reached only after extensive arm's-length negotiations between experienced counsel, including several mediation sessions and additional negotiations facilitated by mediator Hunter R. Hughes, III, Esq. *See* Dkt. 272. Pursuant to the Settlement, based on a "mediator's proposal," Ruby has agreed to provide $8 million in vouchers for services as well as abide by comprehensive remedial measures and injunctive relief in the form of business practice changes and future commitments related to Ruby's billing practices.

11.      During the litigation, Class Counsel performed a significant amount of work, including:

      a.      Conducting an initial investigation which uncovered the basis for the factual allegations that form the basis of the Action, and developing the theories of liability and facts that formed the basis of the allegations against Defendant.

---

[1] All capitalized words are defined in the Settlement Agreement, attached hereto as Exhibit 1.

Page 2 -      JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

b.      Drafting and researching a comprehensive complaint, detailing
        Defendant's violations based on its billing practices.

c.      Successfully conducting exhaustive legal research and opposing
        Defendant's motions to dismiss.

d.      Drafting, negotiating, and entering into several case management
        documents, including a Stipulated Protective Order and several similar
        documents that contributed to the effective and efficient administration of
        this Action.

e.      Propounding requests for production of documents, requests for
        admission, interrogatories, conducting many extensive meet and confers,
        and reviewing more than 325,000 pages of documents.

f.      Deposing two corporate representatives of Ruby, ten other Ruby
        witnesses, three Ruby experts, and five opt out Ruby customers.

g.      Preparing for and defending Plaintiffs' depositions.

h.      Retaining a damages expert, and preparing for and defending his
        deposition.

i.      Successfully obtaining class certification and defending against multiple
        motions, including a motion to stay, a motion to preclude class
        certification, three motions for summary judgment, a motion to decertify
        the class, and a motion to compel arbitration.

Page 3 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
            AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
            PLAINTIFFS

j.      Engaging in protracted settlement discussions and mediations with

Defendant, including participating in an in-person mediation, a Zoom

mediation, many subsequent emails and telephone calls over several more

months of mediator-facilitated negotiations.

k.      Documenting the settlement terms with Defendant.

## II.    HISTORY OF THE ACTIONS

12.    Class Counsel's work in this case began, in earnest, in July of 2017. As these

cases raised novel factual allegations based upon information not readily available to Ruby's

customers or the general public, the eventual filings followed only after a thorough investigation

of Ruby's billing practices. Class Counsel were not aided by governmental investigations or

media exposes.  The facts alleged in this case were uncovered by Class Counsel's investigatory

work during this time.

13.    It was clear from the outset that litigating this matter was likely to be a large

undertaking, requiring significant attorney, staff, and financial resources, with payment

contingent upon a victory and likely delayed for several years, and which would almost certainly

require the outlay of significant cash expenditures during this time. Since it would be difficult for

the firms involved to undertake the entirety of the burden alone, it was in the best interests of all

concerned – including Plaintiffs – that the lawyers from the various firms work cooperatively to

bring this Action.

Page 4 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
            AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
            PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

14.     Although the initial intentions were to file this case elsewhere, it soon became evident that the forum selection clause required this case to be filed in Portland, Oregon. Efforts were undertaken to locate Oregon counsel ready, willing, and able to take on this matter, while counsel were aware that the statute of limitations was running. Although that search began from many directions, they all lead back to the Stoll Berne firm generally, and Keith Dubanevich in particular, as almost uniquely possessing the expertise, experience, and resources required.

15.     The path taken by this case, a journey of four years, consuming thousands of hours of attorney time, hundreds of thousands of dollars of out-of-pocket expenses, and ever-growing risk demonstrated how the resources of any one firm would have been greatly strained – if not put past the breaking point. As the price of poker went up, the diversified legal team which distributed the cost and risks of continuing this litigation allowed this case to continue in the face of the relentless defenses put up by Ruby. The entirety of the geographically diverse Class Counsel team – Oregon and non-Oregon counsel – were necessary to provide the level of representation provided to the Class in this matter as well as the unremitting commitment to this case that eventually brought Defendant to the table.

**A.     The State Action**

16.     Prior to bringing the Federal Action, counsel brought the State Action in the Multnomah County Circuit Court.

17.     Plaintiff Shapiro Law Group, P.A. filed the original complaint in the State Action on October 13, 2017 against Defendant.  That was dismissed on November 7, 2017.  The case referred to herein as the State Action, *Maiden Insurance LLC v. Ruby Receptionists, Inc.*,

Page 5 -     JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Multnomah County Circuit Court Case No. 17CV48545, was filed on November 7, 2017.  The

State Action complaint alleged claims for breach of contract, breach of implied covenant of good

faith and fair dealing, unjust enrichment, and money had and received.

18.    A mediation was held with Teresa Wakeen on April 23, 2018. The parties did not

settle the State Action.

19.    Defendant answered the complaint on May 14, 2018, and thereafter filed a motion

to dismiss on July 2, 2018. Plaintiff filed an opposition to the motion to dismiss on August 24,

2018.  Defendant filed a reply on September 7, 2018. The Multnomah County Circuit Court

heard Defendant's motion on September 17, 2018 and allowed the plaintiff to conduct discovery

and Defendant to file an amended motion to dismiss.

20.    Defendant filed an amended motion to dismiss on October 31, 2018.

21.    Plaintiff Maiden thereafter filed a motion to intervene on June 10, 2019, which

was granted on June 14, 2019. Thereafter, Shapiro Law Group, PA withdrew as plaintiff.

22.    Maiden filed an amended complaint on June 20, 2019, and Defendant filed an

answer on June 28, 2019.

23.    The parties engaged in substantial discovery. A protective order was entered in

the State Action on June 19, 2018. Plaintiffs thereafter produced documents, and Defendant

produced over 169,000 pages of documents. The Parties also sought the Multnomah County

Circuit Court's guidance over a number of discovery disputes. A partial list is as follows:

Page 6 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
            AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
            PLAINTIFFS

a.      Maiden filed a motion to compel production on June 29, 2018, and

Defendant filed a motion for a limited stay of discovery on July 5, 2018.

The Parties filed responses on November 8, 2018, and the Multnomah

County Circuit Court heard the motions on November 20, 2018. The

Multnomah County Circuit Court decided the motions on December 13,

2018.

b.      Defendant filed a motion for further protective order on January 18, 2019.

Maiden responded on February 4, 2019, and Defendant filed its reply on

February 11, 2019. The Multnomah County Circuit Court heard the

motion on February 27, 2019 and entered an order on April 5, 2019.

c.      Defendant filed a motion to compel production on March 15, 2019.

Maiden opposed the motion on April 1, 2019, and Ruby filed a reply on

April 11, 2019. The Multnomah County Circuit Court heard the motion on

April 24, 2019 and entered an order on May 15, 2019.

d.      Maiden filed a second motion to compel on July 3, 2019. Defendant filed

its response on August 5, 2019. Maiden filed a reply on August 22, 2019.

The Multnomah County Circuit Court heard the motion on September 5,

2019 and entered an order on November 20, 2019.

e.      Maiden also filed a motion for leave to file documents in the public record

or under seal on July 3, 2019. Defendant responded to the motion on

August 5, 2019. Maiden filed a reply on August 22, 2019. The Multnomah

Page 7 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
            AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
            PLAINTIFFS

County Circuit Court heard the motion on September 5, 2019 and entered an order on November 20, 2019.

f.      Defendant filed a motion to confirm privileged and confidential documents on August 2, 2019. Maiden filed a response on August 22, 2019, and Defendant filed a reply on August 30, 2019. The Multnomah County Circuit Court heard the motion on September 5, 2019 and entered an order on November 20, 2019.

g.      Maiden filed a second motion for leave to file documents in the public record or under seal on August 22, 2019. Defendant filed a response on August 30, 2019. The Multnomah County Circuit Court entered an order on December 17, 2019.

h.      Maiden filed a motion for leave to file documents in the public record or under seal on November 8, 2019. Defendant filed a response on November 22, 2019. The Multnomah County Circuit Court entered an order on December 17, 2019.

i.      Maiden filed a motion for commission to take a foreign deposition on January 21, 2020.

24.     After engaging in the above-mentioned discovery, Maiden filed an opposition to Defendant's amended motion to dismiss on November 8, 2019. Defendant filed its reply in further support of the amended motion to dismiss on November 27, 2019. The Multnomah County Circuit Court heard the amended motion to dismiss on December 4, 2019. Maiden

Page 8 -     JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

thereafter filed supplemental briefing in opposition to the amended motion to dismiss on December 18, 2019, and Defendant filed a response to Maiden's supplemental brief on December 20, 2019. The Multnomah County Circuit Court denied the amended motion to dismiss on December 24, 2019.

25.      Maiden filed a motion for class certification on January 27, 2020. Defendant filed its opposition on March 5, 2020, and Maiden filed a reply on March 16, 2020. Defendant also sought leave to file a supplemental memorandum in opposition to Plaintiffs' motion for class certification on May 29, 2020. Maiden's motion for class certification was pending, when this Court certified a class in the Federal Action.

26.      In addition, Defendant filed a motion for partial summary judgment on January 31, 2020. Maiden filed an opposition on February 18, 2020, and Defendant filed its reply on March 5, 2020. Defendant's motion for partial summary judgment was pending when Maiden sought a stay of the State Action.

27.      Maiden filed a motion to stay the State Action on May 22, 2020, because this Court had already certified a class that potentially overlapped with approximately 95% of the class in the State Action.  Ruby filed a response in opposition on June 1, 2020, and Maiden filed a reply in further support of the stay on June 4, 2020. The Multnomah County Circuit Court heard the motion to stay on June 5, 2020, and, on June 15, 2020, entered an order granting the motion.

JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

B.      **The Federal Action and Settlement Negotiations**

28.     On November 2, 2018, Plaintiffs filed their class action complaint (Dkt. 1).

Plaintiffs alleged that Ruby failed to disclose its billing practices of rounding up to the next 30-

seconds and for billing while callers were on hold. Plaintiffs alleged four causes of action: breach

of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and

money had and received – accounting. *Id.*

29.     On January 4, 2019, Ruby filed a motion to dismiss or to stay the action (Dkt. 21,

22). Plaintiffs filed an opposition on January 25, 2019 (Dkt. 30, 31), and Defendant filed a reply

on February 8, 2019 (Dkt. 37). The Court heard the motion March 11, 2019 (Dkt. 48) and denied

the motion on April 25, 2019 (Dkt. 49). Defendant answered the Complaint on May 9, 2019

(Dkt. 50).

30.     On January 28, 2019, Plaintiffs also filed a motion for partial summary judgment

as to liability on their breach of contract claims (Dkt. 33-36). Defendant filed its opposition on

February 25, 2019 (Dkt. 41-43), and Plaintiffs filed their reply on March 5, 2019 (Dkt. 45, 46).

The Court, on April 25, 2019, ordered the Parties to submit supplemental responses if the Court

denied Defendant's motion to dismiss (Dkt. 48). After the Court denied Defendant's motion to

dismiss (Dkt. 50), Ruby submitted a supplemental response in opposition to Plaintiffs' motion

for partial summary judgment on June 14, 2019 (Dkt. 55-57), and Plaintiffs submitted a

supplemental reply on June 28, 2019 (Dkt. 58). On July 29, 2019, the Court denied Plaintiffs'

motion for partial summary judgment (Dkt. 59).

Page 10 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
             AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
             PLAINTIFFS

31.     The Parties submitted a Joint Rule 26(f) Report and Discovery Plan and a

Proposed Case Management Schedule on August 26, 2019 (Dkt. 61), and the Court, on August

27, 2019, entered a case schedule (Dkt. 62) and trial management order (Dkt. 63). The Parties

also entered into a stipulated motion regarding the technical specifications for electronic

discovery on May 31, 2019 (Dkt. 53), which the Court granted June 3, 2019 (Dkt. 54), and a

stipulated motion for a protective order on August 27, 2019 (Dkt. 64), which the Court granted

the next day (Dkt. 65).

32.     Plaintiffs engaged in substantial discovery efforts, as follows:

    a.     Propounded document requests, and, in response, reviewed over 325,000

        pages of documents produced by Ruby, including data from millions of

        calls handled by Ruby;

    b.     Took the Rule 30(b)(6) deposition of Ruby on October 11, 2019 and

        August 5, 2020 (Jace Thompson), and October 17, 2019 and August 3,

        2020 (Diana Stepleton);

    c.     Took the deposition of non-party Justin Enger on November 16, 2019;

    d.     Took the depositions of ten Ruby fact witnesses (Jill Nelson on October

        28, 2019; Steve Severance on October 29, 2019; Jennifer Sullivan on

        November 1, 2019; Rachel Conrad on November 7, 2019; Casey Spurgeon

        on November 11, 2019; Ashley Fisher-Nelson on November 12, 2019;

        David DeRego on November 15, 2019; Jewel Miller on November 18,

Page 11 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

2019; Katherine Nester on November 22, 2019; and Kendra Austin on November 26, 2019);

e. Reviewed documents and took the depositions of Ruby's experts (Lori Bocklund on June 30, 2020; Arik Van Zandt on June 29, 2020; and Glen Waddell on July 31, 2020); and

f. Took discovery and perpetuation depositions of Ruby customers (Diane Haar on October 16, 2020; Mark Metzger on October 19, 2020; Edward Blum on October 20, 2020; Jana Lombardi on October 22, 2020; Kristine Boelte on October 27, 2020).

33. Plaintiffs and Class Counsel also responded to extensive discovery, including:

a. Objecting, answering, searching for and producing hundreds of pages of documents in response to Defendant's document requests;

b. Preparing for and defending the depositions of Plaintiff Oliver (on May 25, 2019) and McKenzie (on June 6, 2019); and

c. Submitting two expert reports by Plaintiffs' damages expert Albert Rossi, producing documents, and preparing and defending his depositions (January 23, 2020 and August 28, 2020).

34. Plaintiffs and Class Counsel also conducted numerous discovery-related meet and confers with Defendant and held multiple telephone conferences with the Court concerning various discovery matters (Dkt. 87, 92, 94, 113, 127). In addition, the Parties filed memoranda

Page 12 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

concerning non-party Justin Enger (Dkt. 95-100), which the Court resolved on December 16, 2019 (Dkt. 104).

35.    In addition, Plaintiffs retained an expert, Albert Rossi of Rossi LLP, to review Ruby's call database and to work with members of his firm to design a methodology which would allow him to prove the entitlement to damages, and in what amount, for each member of the Class in a single trial. This was a time consuming and expensive process, with Class Counsel advancing Mr. Rossi's fees for the benefit of the Class. Mr. Rossi submitted his report, which was relied upon by the Court in certifying the Class, and Mr. Rossi was prepared to testify at trial.

36.    On September 17, 2019, Ruby filed a motion to preclude class certification (Dkt. 66-80). After the Court ordered that briefing on Ruby's motion to preclude class certification and Plaintiffs' scheduled motion for class certification be done on the same schedule (Dkt. 84, 106), Plaintiffs filed their motion for class certification and in opposition to Defendant's motion to preclude class certification on January 6, 2020 (Dkt. 107-111). Ruby filed its reply in further support of its motion to preclude class certification and in opposition to Plaintiffs' motion for class certification on February 5, 2020 (Dkt. 116-118). Plaintiffs filed their reply in further support of their motion for class certification on February 26, 2020 (Dkt. 120, 121). The Court heard Defendant's motion to preclude class certification and Plaintiffs' motion for class certification on April 3, 2020 (Dkt. 125). On April 24, 2020, the Court granted class certification, certifying a class of all persons or entities in the United States who obtained receptionist services from Ruby between November 2, 2012 and May 31, 2018, pursuant to its form Services

Page 13 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

Agreements (Dkt. 128). The Court also denied Defendant's motion to preclude class certification. *Id.*

37.      Thereafter, the Parties entered a scheduling order concerning expert discovery and dispositive motions (Dkt. 130). The Court also heard Plaintiffs' motion concerning Ruby's communication with class members (Dkt. 133-135, 137) and, on May 29, 2020, entered an order limiting Defendant's ex parte contact (Dkt. 139).

38.      In addition, the Court heard and resolved issues concerning the notice of pendency (Dkt. 140, 144-146 149, 174-178, 183, 187, 190) as well as Defendant's motion to extend the case schedule (Dkt. 150-152, 156-161).

39.      The Parties held a mediation with Mr. Hughes via Zoom on July 7, 2020 (Dkt. 272). The Parties did not settle at that time (Dkt. 172). During the course of the litigation, the Parties would continue corresponding with each other through Mr. Hughes.

40.      On July 1, 2020, Ruby filed two motions for summary judgment – one concerning contract interpretation (Dkt. 163) and the other concerning affirmative defenses and damages (Dkt. 164, 166-169). Ruby also filed a motion for decertification (Dkt. 165) and a motion to file excess pages (Dkt. 162), which the Court granted (Dkt. 170). On August 21, 2020, Plaintiffs filed their oppositions to Ruby's two motions for summary judgment (Dkt. 194-197) and to Ruby's motion for decertification (Dkt. 202). On September 25, 2020, Ruby filed its replies in further support of its first two motions for summary judgment (Dkt. 219, 220, 222-225), as well as in further support of its motion for decertification (Dkt. 221).

Page 14 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
             AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
             PLAINTIFFS

41.     On August 21, 2020, Plaintiffs filed a motion for summary judgment (Dkt. 198). The same day, Ruby filed a third motion for summary judgment concerning terms and conditions and arbitration (Dkt. 199, 201). On October 2, 2020, Plaintiffs filed their opposition to Ruby's third motion for summary judgment (Dkt. 226). The same day, Defendant filed its opposition to Plaintiffs' motion for summary judgment (Dkt. 227-229). On October 16, 2020, Ruby filed its reply in further support of its third motion for summary judgment (Dkt. 245, 246), and Plaintiffs filed their reply in further support of their motion for summary judgment (Dkt. 243).

42.     Also, on August 21, 2020, Plaintiffs filed a motion to exclude Defendant's expert Lori Bocklund (Dkt. 203-207). On September 10, 2020, Ruby moved to deny as moot or to continue briefing schedule concerning Plaintiffs' motion to exclude (Dkt. 211). Plaintiffs responded on September 17, 2020 (Dkt. 213), and Defendant filed a reply on September 21, 2020 (Dkt. 214). On September 22, 2020, the Court denied Defendant's motion to deny as moot or continue the briefing schedule (Dkt. 215). On October 3, 2020, Defendant filed its opposition to Plaintiffs' motion to exclude (Dkt. 232-234), and Plaintiffs filed their reply in further support of the motion to exclude Defendant's expert on October 16, 2020 (Dkt. 244).

43.     In addition, on September 9, 2020, Plaintiffs filed a motion to exclude certain evidence (Dkt. 208-210). Defendant responded on September 23, 2020 (Dkt. 217, 218), and Plaintiffs filed their reply on October 6, 2020 (Dkt. 238, 239).

44.     Defendant further sought permission to depose persons who opted out of the class and to permit contact with such persons (Dkt. 235-337). Plaintiffs responded (Dkt. 241-242), and Ruby replied (Dkt. 247). The Court granted the motion on October 19, 2020 (Dkt. 248).

Page 15 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

45.     On October 30, 2020, the Court heard Defendant's four motions (three summary judgment motions and the motion for decertification) and Plaintiffs' three motions (a motion for summary judgment and two motions to exclude). On November 18, 2020, the Court resolved and denied all the motions (Dkt. 256).

46.     After the Court's resolution of the various motions and while preparing for trial scheduled for January 2021, the Parties reengaged with Mr. Hughes (Dkt. 272). Mr. Hughes facilitated the production of certain of Defendant's financial information to Plaintiffs' counsel. *Id.*

47.     After multiple offers and counteroffers, on November 27, 2020, Mr. Hughes, taking into consideration the strengths and weaknesses of the case, the possible outcomes of a trial, and collectability of any judgment, made a mediator's proposal of $8 million in services by Defendant to the proposed Settlement Class, plus injunctive relief requiring Ruby to maintain certain measures in describing its receptionist minutes calculation policy. *Id.* The Parties accepted the mediator's proposal.

48.     After the Parties accepted the mediator's proposal for relief to the Settlement Class, Mr. Hughes next made a mediator's proposal concerning attorneys' fees and costs of an all-inclusive $4 million. *Id.* The Parties accepted the mediator's proposal.

49.     On November 30, 2020, upon settling the matter, the Parties filed a joint stipulation and request to vacate (Dkt. 258), which the Court granted (Dkt. 259).

50.     The Parties thereafter engaged in protracted settlement agreement negotiations, which culminated in the February 17, 2021 original settlement agreement (Dkt. 269-1).

Page 16 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

51.     Prior to signing the original settlement agreement, on December 16, 2020, Defendant filed a Notice of Appeal as to the Court's November 18, 2020 decision denying Ruby's Motion to Compel Arbitration (Dkt. 261). On March 4, 2021, the Ninth Circuit administratively closed the appeal docket until August 31, 2021 (Dkt. 275).

52.     Plaintiffs filed the Joint Motion for Preliminary Approval of Proposed Settlement Agreement on February 19, 2021 (Dkt. 269), their own Memorandum in Support (Dkt. 270). Defendant filed its joinder on the same day (Dkt. 268).  Plaintiffs filed a corrected Memorandum in Support (Dkt. 273) on February 22, 2021.

53.     On March 3, 2021, the Court entered an Order which instructed the Parties to be prepared to respond to a list of questions at a hearing on the Joint Motion for Preliminary Approval of Proposed Settlement Agreement so as to assist the Court in its review of the Settlement (Dkt. 274). The Parties conferred and separately responded to the questions posed in the Court's March 3, 2021 Order (Dkts. 277, 278).

54.     The Court heard the Joint Motion for Preliminary Approval of Proposed Settlement Agreement on March 22, 2021. Having thoroughly considered the motion and the relevant record, the Court granted preliminary approval of the Settlement, certified a Settlement Class, and, among other things, set a hearing for final approval for July 8, 2021 (Dkt. 280). On April 7, 2021, the Court entered a corrected Preliminary Approval Order (Dkt. 281).

Page 17 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## III.    THE SETTLEMENT TERMS

55.    The Settlement Class means "all persons or entities in the United States who obtained receptionists services from Ruby between October 13, 2011 and May 31, 2018, pursuant to its form Service Agreement." Excluded from the Settlement Class are: a) Ruby, its affiliates, its Directors and Officers, the attorneys of any party, and the Court and its personnel; b) Persons who have timely and validly opted out of the Settlement Class; and c) Persons or entities who previously opted out of the action in response to the Notice of Pendency previously provided pursuant to the Court's August 3, 2020 Order Regarding Notice. SA § 3.2.

56.    The Settlement Class is comprised of 18,807 former and current Ruby customers (Dkt. 277).

57.    The Settlement Agreement creates a voucher fund of $8 million that Defendant will provide to each member of the proposed Settlement Class. *See* SA § 4.2.1. Vouchers will be redeemable for services provided by Ruby and its affiliates. *Id.* §§ 4.2.2; 4.2.10-4.2.11. Vouchers will be automatically distributed in intervals without the need to file a claim and are transferrable. *Id.* §§ 4.2.4-4.2.7. These vouchers, which do not require a consumer to spend any money in order to use them, will be valid for a period running from the date of a voucher's actual distribution until the latter of (a) one year or (b) the minimum period of time necessary to utilize the full value. *Id.* § 4.2.9.

58.    The amount of each Settlement Class Member's pro rata share of the $8 million in total vouchers will first be calculated by determining the percentage of Ruby's total receptionist billings for the Settlement Class Period represented by the Settlement Class's billings for the

Page 18 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
PLAINTIFFS

period, less any amounts previously credited from the use of Ruby's money back guarantee policy. SA § 4.2.3(a). For those Settlement Class Members whose pro rata share is greater than zero dollars ($0) but less than $49.00, they will receive a voucher in the amount of $49.00. *Id.* § 4.2.3(c). For those Settlement Class Members whose pro rata share is greater than $49.00, they will receive a voucher in an amount equal to their pro rata share of the difference between $8 million and the total amount represented by the $49 vouchers. *Id.* § 4.2.3(d). The total redeemable amount of all vouchers to be allocated will not exceed $8 million. *Id.* § 4.2.1.

59.     The Settlement Agreement also requires Ruby to make business practice commitments for a period running no less than three years. SA § 4.3.1. These business practice commitments include informing Settlement Class Members about how Ruby charges in 30-second increments rounded up and that Ruby charges for hold time. Specifically, Ruby will continue so describing its billing practices in its form Terms and Conditions, will continue to train its staff to disclose these billing practices with its customers, and will describe its billing practices in its marketing materials consistent with its Terms and Conditions. *Id.* §§ 4.3.2-4.3.4.

60.     In exchange for the foregoing consideration, subject to Court approval, Settlement Class Members would release Ruby from all claims, causes of action, damages, losses or damages of any kind relating to Ruby's billing practices. In addition, the State Action would be dismissed. SA §§ 5.1-5.7; *id.* §§ 7.1-7.2.

61.     The Settlement Agreement also provides that Class Counsel may seek an amount not to exceed $4 million, inclusive of attorneys' fees, reasonable costs, and expenses. SA § 6.1-6.2. This provision was negotiated after all monetary and equitable relief terms of the proposed

Page 19 -   JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
            AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
            PLAINTIFFS

Settlement had been agreed upon and was based on the mediator's proposal (Dkt. 272). The Court's determination as to the amount of attorneys' fees and expenses to be paid to Class Counsel will not affect the remaining provisions of the Settlement. *Id.* § 6.1.

62.     The Settlement Agreement further provides that Class Counsel may apply to the Court for Service Awards of up to $1,000 to each of the Class Representatives for the time, effort, and risk in connection with the Federal and State Actions, including stepping forward to represent the proposed Settlement Class, searching for and producing data and documents, and preparing and sitting for their depositions. SA § 6.5. The Service Awards will come from the amount of attorneys' fees and costs that are approved by the Court, and are not conditioned on Plaintiffs' support of the proposed Settlement. Class Counsel negotiated the amount of Service Awards independently from the other terms of the proposed Settlement. *Id.*

63.     The recovery here is fair, reasonable, and adequate in light of the risks, especially given the financial issues Ruby was encountering – and continues to encounter – given the global pandemic.

## IV.    NOTICE PROGRAM AND SETTLEMENT ADMINISTRATION

### A.    Class Notice Program

64.     The Settlement Agreement provided that the Administrator not only administer the Settlement but also effectuate the Notice program. *See* SA §§ 8(e), 9(1)-9(5).

65.     Because the Court appointed The Notice Company as Notice Administrator, *id.* § 1.6, the Parties reengaged The Notice Company as the Administrator for the Settlement.

Page 20 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

66.     The notice program included direct email and/or mail, along with a case-specific website. *See* Decl. of Joseph M. Fisher re Compliance with Notice Requirement, dated May 6, 2021 ("Fisher Decl."), ¶ 8 (Dkt. 285). The Notice program was designed to provide the "best notice that is practicable under the circumstances. *See* Fed. R. Civ. P. 23(c)(2)(B). The Notice program proposed by the Parties and approved by the Court has been implemented by the Settlement Administrator. Fisher Decl., ¶ 3.

67.     Ruby provided the Administrator with the email and/or mailing address of record of each of Ruby's customers, consisting of 18,807 entries and a "Class Distribution List" of 18,662, excluding 135 entries who previously requested exclusion from the lawsuit and 10 entries for Ruby affiliates. *See id.* ¶¶ 10-15. Emails were sent by the Administrator to those whose email addresses are valid; otherwise, the Administrator mailed a copy of the Notice to the Settlement Class Member. *Id.*

68.     By April 21, 2021, the Administrator sent 18,571 emails to Settlement Class Members. *Id.* ¶¶ 11-12. 3,226 emails were not delivered, with 1,544 "soft" bounces. *Id.* ¶ 12. After a 5-day pause, emails were sent again to soft-bounced recipients. *Id.* The net number of records delivered by email were 15,387 representing 15,421 Ruby customers. *Id.* The number of emails not delivered totaled 3,184 representing 3,208 Ruby customers. *Id.*

69.     The Administrator mailed Notices of Settlement to those Settlement Class Members whose email addresses were unknown or where email delivery was unsuccessful. *Id.* ¶¶ 13-15.

Page 21 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
PLAINTIFFS

70.     The Administrator also established the Settlement Website that allowed Settlement Class Members to read the Notice of Settlement and other documents related to this matter. SA § 9(2); Fisher Decl., ¶ 16. The Settlement Website meets the requirements under Rule 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure ("Rule"), including the posting of key Court orders and other filings. The Settlement Website also allows Settlement Class Members to opt out of the Settlement online. *See* Fisher Decl., ¶ 16. As of May 6, 2021, there have been 7,318 visits to the Settlement Website by 5,036 unique visitors. *Id.*

71.     The Administrator also established a toll-free telephone line for information on the Settlement. *Id.* ¶ 17.

72.     The Administrator also sent on April 9, 2021 appropriate notices to federal and state government officials, as required by the Class Action Fairness Act. *See* SA § 9.4; Fisher Decl., ¶¶ 6-7.

73.     Pursuant to the Settlement Agreement, Ruby bears the expense of the Administration of the Settlement, up to $100,000. *See* SA § 10.

**B.     Class Notice**

74.     The notices included all the information required under Rule 23(c)(2)(B): (1) information about the nature of the litigation and essential terms of the Settlement; (2) contact information for Class Counsel, including information about how to obtain additional information about the litigation and Settlement; (3) the address for the informational website, www.Rubyreceptionistslitigation.com, maintained by the Administrator; (4) instructions on how to access the case docket via PACER or in person at any of the Court's locations; (5) the date of

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

the final approval hearing, including that the date may change without further notice and that Settlement Class Members should check the Settlement Website or the Court's PACER site to confirm that the date has not changed; and (6) information about, and means for, objecting to or excluding oneself from the Settlement. *See* Fisher Decl., Ex. B and C. The notice also informed Settlement Class Members that if they do not comply with the specified procedures and deadlines for excluding themselves, they will be bound by the Settlement and lose any opportunity to bring any of the Released Claims against Defendant. *Id.*

75.    The Class Notice satisfies the requirements of Rule 23(h)(1), as it notifies Settlement Class Members that Class Counsel will apply to the Court for attorneys' fees and costs in an amount not to exceed $4 million. *See id.* The Class Notice complies with Rule 23(e)(5) in that it discusses the rights Settlement Class Members have concerning the Settlement. The Class Notice includes information on a Settlement Class Member's right to: (1) request exclusion and the manner for submitting such a request; (2) object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (3) participate in the Settlement and instructions on how to complete and submit a Claim Form to the Settlement Administrator. *Id.* The Notice also provides contact information for Class Counsel, as well as the postal address for the Court. *Id.* The Notice further conveys all information necessary for Settlement Class Members to make informed decisions relating to the Settlement. *Id.*

Page 23 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

C.    **Responses of the Settlement Class to Date**

76.    As of May 6, 2021, the Settlement Administrator has received nine requests for exclusion. *See* Fisher Decl., ¶ 18. This is in addition to the 135 requests who earlier opted out of the Federal Action in response to the Notice of Pendency. *Id.*

77.    Class Counsel have received telephone calls, emails, and letters from the Settlement Class, and have responded to such correspondence. Class Counsel will continue to respond to any telephone calls, emails, and/or letters from the Settlement Class.  Class Counsel have also received several congratulatory notes from Settlement Class Members.

V.    **ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

A.    **Attorneys' Fees and Costs**

78.    Negotiated separately from the terms of the Settlement was the amount of attorneys' fees and expenses. Pursuant to the Settlement, Plaintiffs and Class Counsel agreed to seek or accept no more than $4 million from Ruby for attorneys' fees and expenses combined. SA § 6.1. Ruby agrees not to oppose an application for an award up to that amount. *Id.*

79.    Class Counsel has prosecuted the State Action and Federal Action on a contingent basis to a successful conclusion on behalf of Plaintiffs and the Settlement Class.

80.    Class Counsel worked on a contingency basis and assumed the risk of challenging Ruby, a defendant that would have continued to vigorously defend its business practices had the litigation gone forward. Ruby contested its liability from the very beginning, asserting that Settlement Class Members had failed to adequately allege any viable claims, filing multiple

Page 24 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

motions to dismiss and summary judgment motions, and appealing this Court's decisions. Ruby continues to deny liability.

81.    Class Counsel have significant expertise in consumer class actions. The quality of their representation is reflected in the work they performed throughout the case and, ultimately, in the favorable settlement for the Settlement Class. Over the course of several years, Class Counsel advanced the litigation in the face of motions to dismiss, motions for summary judgment, discovery issues, and other roadblocks.

82.    As noted above, Class Counsel performed substantial work throughout this litigation. Class Counsel researched and drafted the operative complaint, successfully defended against a motion to dismiss, oversaw and conducted extensive discovery, prevailed on a motion for class certification, successfully defended against three motions for summary judgment and two motions related to class certification, and were preparing for trial.

83.    With respect to Settlement, Class Counsel prepared for and attended multiple mediation sessions, reviewed, edited, and negotiated the terms of the Settlement, and will prepare further documents in support of the motion for final approval. Class Counsel have also been and will continue to communicate with Settlement Class Members about the Settlement.

84.    The reasonableness of the $4 million fee award is supported by the total lodestar of Class Counsel. Class Counsel's collective lodestar as of May 1, 2021, based on the current usual and customary billing rates of each firm, is $6,028,139.75 based on 9,756.63 hours billed for both the Federal and State Actions. These hourly rates are based on regular and ongoing

Page 25 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
             AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
             PLAINTIFFS

monitoring of market rates of the districts from which these law firms maintain offices for attorneys of comparable skill, experience, and qualifications.

85.    Class Counsel attach as Exhibits 2-6 true and correct copies of each firm's lodestar information as well as expenses garnered due to the litigation.

86.    As of May 1, 2021, Class Counsel have also expended $333,633.51 in unreimbursed costs and expenses in connection with the prosecution of this litigation. *See id.* All of these costs and expenses are reflected in the books and records of our respective firms, which are prepared from expense vouchers, check records, invoices, and other source materials, and represent an accurate recordation of the costs and expenses incurred in connection with this litigation. The $4 million fee amount covers all unreimbursed costs and expenses.

87.    With the costs and proposed Service Awards included, the $4 million fee amount represents a negative multiplier of .61 of Class Counsels' lodestar, as of May 1, 2021.  The negative multiplier will continue to increase with the additional work Class Counsel expects to spend on these cases, including but not limited to work on the motion for final approval, the reply in support of final approval and settlement administration matters. Class Counsel respectfully submit that the $4 million is warranted and reasonable under the circumstances.

**B.    Service Awards to Settlement Class Representatives**

88.    Class Counsel request Service Awards of $1,000 for Plaintiffs McKenzie, Oliver, and Maiden. The Service Awards will come from the $4 million in attorney fees and costs, subject to approval by the Court. *See* SA § 6.5.

Page 26 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
             AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
             PLAINTIFFS

89.     Plaintiffs spent several years prosecuting the two Actions, hours reviewing pleadings, communicating regularly with Class Counsel, responding to discovery requests, sitting for and in two cases traveling to the West Coast for their depositions, and reviewing and producing documents.

90.     Plaintiffs were instrumental in the success of the Actions, and the Service Awards are warranted, given the Settlement they each helped achieve for the benefit of Settlement Class Members.

91.     As such, Plaintiffs respectfully request that the Court approve the negotiated fee agreement, as it was reached based upon a mediator's proposal only after the benefit to the Class was agreed upon, does not diminish the relief made available to the Settlement Class, represents a significant discount from Plaintiffs' counsel's lodestar expended throughout four long years of litigation, and is also warranted by the benefits conferred upon the Class through the Settlement.

## VI.    CONCLUSION

92.     In view of the substantial benefits conferred on the Settlement Class, the contingent nature of the fee, the source of the fee as separate from and in addition to the benefit of the Settlement Class, the complexity of the case, the risks of the litigation, the enormous effort of Plaintiffs' counsel, and the quality of the work performed, Plaintiffs respectfully request that this Court:

Page 27 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

a.    Approve the proposed Settlement as fair, reasonable, and adequate;

b.    Certify the proposed Settlement Class; and

c.    Approve the attorneys' fees and reimbursement sought by Plaintiffs' counsel and awards to Class Representatives that Defendants have agreed to pay subject to Court approval.

We declare under penalty of perjury under the law of the United States of America that the foregoing are true and correct.  Executed this 11th day of May, 2021.

_____          _____
Keith S. Dubanevich                                        Laurence D. King

_____          _____
Robert I. Lax                                                   Jon M. Herskowitz

_____
Gregory J. Brod

Page 28 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS

    a.       Approve the proposed Settlement as fair, reasonable, and adequate;

    b.       Certify the proposed Settlement Class; and

    c.       Approve the attorneys' fees and reimbursement sought by Plaintiffs' counsel and

awards to Class Representatives that Defendants have agreed to pay subject to

Court approval.


We declare under penalty of perjury under the law of the United States of America that

the foregoing are true and correct.  Executed this 11th day of May, 2021.


| | |
|---|---|
| _____ | _____ |
| Keith S. Dubanevich | Laurence D. King |
| | |
| _____ | _____ |
| Robert I. Lax | Jon M. Herskowitz |
| | |
| _____ | |
| Gregory J. Brod | |


Page 28 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
              AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
              PLAINTIFFS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

a.   Approve the proposed Settlement as fair, reasonable, and adequate;

b.   Certify the proposed Settlement Class; and

c.   Approve the attorneys' fees and reimbursement sought by Plaintiffs' counsel and

awards to Class Representatives that Defendants have agreed to pay subject to

Court approval.

We declare under penalty of perjury under the law of the United States of America that

the foregoing are true and correct.  Executed this 11th day of May, 2021.

_____
Keith S. Dubanevich

_____
Robert I. Lax

_____
Gregory J. Brod

_____
Laurence D. King

_____
Jon M. Herskowitz

Page 28 -   JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
PLAINTIFFS

a.      Approve the proposed Settlement as fair, reasonable, and adequate;

b.      Certify the proposed Settlement Class; and

c.      Approve the attorneys' fees and reimbursement sought by Plaintiffs' counsel and
awards to Class Representatives that Defendants have agreed to pay subject to
Court approval.


We declare under penalty of perjury under the law of the United States of America that
the foregoing are true and correct.  Executed this 11th day of May, 2021.


<table>
<tr><td>_____<br>Keith S. Dubanevich</td><td>_____<br>Laurence D. King</td></tr>
<tr><td>_____<br>Robert I. Lax</td><td>_____<br>Jon M. Herskowitz</td></tr>
<tr><td>_____<br>Gregory J. Brod</td><td></td></tr>
</table>


Page 28 -    JOINT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL AND
AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO
PLAINTIFFS