**Keith S. Dubanevich,** OSB No. 975200
**Cody Berne**, OSB No. 142797
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840
Email:             kdubanevich@stollberne.com
                     cberne@stollberne.com
                     mhoulihan@stollberne.com

Attorneys for Plaintiffs and the Class

[Additional Counsel on Signature Page.]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| McKENZIE LAW FIRM, P.A., and OLIVER LAW OFFICES, INC. on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUBY RECEPTIONISTS, INC.,<br><br>Defendant. | Case No. 3:18−cv−01921−SI<br><br>DECLARATION OF ROBERT I. LAX IN SUPPORT OF MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS |

I, Robert I. Lax, declare under penalty of perjury and in accordance with the laws of the

State of Oregon and the United States that:

1.         I am a member of the law firm of Lax LLP. I submit this declaration in support of

Class Counsel's application for an award of attorneys' fees in connection with services rendered

in this case, as well as the reimbursement of expenses incurred by my firm in connection with

this class action litigation, including both this Federal Action and a parallel action in the Circuit Court of the State of Oregon. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2.  My firm acted as counsel for plaintiffs and appointed as Class Counsel in this Federal action, as well as counsel for plaintiff in the parallel action pending in Circuit Court of the State of Oregon, Multnomah County. My firm has extensive class action experience. The firm represents individuals, small businesses, institutional and individual investors/shareholders and employees in class action cases litigated in the United States. My firm has frequently served as sole lead-counsel, as co-lead counsel, or on an executive committee in numerous class actions, including cases such as this one brought on behalf of consumers for more than 25 years.

3.  The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time, by category, spent by myself and Daniel E. Sobelsohn, as the firm's attorneys who were involved in this litigation, and the lodestar calculation based on the firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.

4.  A summary of the hourly rates for the attorneys in my firm working on this case, by category of task undertaken, is included in Exhibit 1. The hourly fees noted are the same as the regular current rates for legal services charged by my firm in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation. As discussed in more detail in the Firm Resume attached as Exhibit 3, I have 27 years of experience practicing law, with a heavy emphasis on class action litigation for nearly all of this time. Daniel

2

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 2 of 16

Sobelsohn has 26 years of experience handling complex business litigation, including significant class action litigation experience.

5. As of April 30, 2021 the total number of hours expended on this litigation by my firm is 2546.78 hours. The total lodestar based on the law firm's current rates is $2,079,065.25, consisting entirely of attorneys' time and no charges for professional support staff time. This chart does not include time after May 1, 2021, despite the fact that significant work remains to be done to secure approval of the Settlement, respond to class member inquiries, and assure compliance with the Settlement, for which no compensation will be sought.

6. My firm's work on this matter touched upon all aspects of this litigation from the beginning of our work at its inception in July, 2017, until its eventual settlement. Working together with my colleagues, the work specifically undertaken by my firm included extensive pre-filing investigation to uncover and confirm the factual allegations of the case, drafting of pleadings, researching legal issues and drafting briefs for nearly all material motions on key legal issues in this case, arguing several motions including the motion for class certification, reviewing documents and taking and defending depositions – including of the class representatives and the Class's principal Expert – working extensively with the Class's principal Expert in preparing his Reports and related filings, trial-preparation including preparation of pre-trial filings, and finally negotiating the Settlement and related Settlement Documents with Defendant's counsel, as well as working with the Notice Administrator and communicating with Members of the Class. The work of my firm and my co-counsel is described in detail in the *Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs*, which is being filed concurrently with this Declaration.

3

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 3 of 16

7. This litigation represents my firm's largest single undertaking for almost the entirety of the period in which work on it began in mid-2017. Work on this case consumed substantial resources and resulted in declining some engagements for work on other legal matters due to insufficient resources. The delay in payment for this work, as well as the significant risks of non-payment if this case were not successful, were considerable.

8. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9. I have general familiarity with the range of hourly rates typically charged by plaintiffs' class action counsel in the district where my firm is located and throughout the United States, both on a current basis and historically. From that basis I am able to conclude that the rates charged by my firm are commensurate with those prevailing in the market for such legal services furnished in complex class action litigation, such as this. The hourly rates of Lax LLP are reasonable is bolstered by the following authorities and evidence:

   (a) These rates are those normally offered and charged to clients for non-contingent work and have not been altered to account for the contingent nature of this litigation or the delay in payment.

   (b) These rates have been deemed reasonable in connection with the approval of my firm's fee applications in recent matters:

   (c) The hourly rates are commensurate with what other lawyers of similar experience charge, as acknowledged by courts in the 9th Circuit and elsewhere:

10. As detailed in Exhibit 2, my firm has incurred a total of $11,895.23 in un-reimbursed expenses in connection with the prosecution of this litigation.

11. The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from

4

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 4 of 16

expense vouchers, check records and other source materials and are an accurate record of the expenses as charged by the vendors. Third-party expenses are not marked up. Upon request, we will provide the Court with copies of documentation for each of the costs itemized above.

12. My firm is not charging separately for the following costs and expenses which we do not charge to fee paying clients in non-contingent litigation: secretarial and clerical overtime, including their meals and local transportation; after-hours HVAC; word processing; subscription legal research, secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

13. With respect to the standing of counsel in this case, my firm's résumé and brief biographies for the attorneys in my firm who were involved in this litigation.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand it is made use as evidence in court and is subject to penalty for perjury.

Executed on this 11th day of May, 2021.

By: _____
Robert I. Lax

5

# EXHIBIT 1

## MCKENZIE V. RUBY RECETIONISTS, INC

## MAIDEN V. RUBY RECEPTIONISTS, INC.

## Lax LLP

### TIME REPORT — Inception through April 30, 2021

| Name | A | B | C | D | E | F | G | H | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **PARTNERS:** | | | | | | | | | | | |
| Robert I. Lax | 108.25 | 664.53 | 349.47 | 260.83 | 128.82 | 89.49 | 520.80 | 133.98 | 2,256.17 | $825 | $1,861,340.25 |
| **OF COUNSEL:** | | | | | | | | | | | |
| Daniel E. Sobelsohn | 0.00 | 104.50 | 0.00 | 120.80 | 0.00 | 0.00 | 59.50 | 5.50 | 290.30 | $750 | $217,725.00 |
| **TOTAL LODESTAR** | 108.25 | 769.03 | 349.47 | 381.63 | 128.82 | 89.80 | 580.30 | 139.48 | 2546.78 | | $2,079,065.25 |

**CATEGORIES**

a. Case Assessment, Pre-Filing Investigation, Initial Complaint
b. Briefs, Motions, Pleadings and Research
c. Discovery and Post-Filing Investigation
d. Class Certification, Notice Issues, Decertification
e. Experts & Consultants
f. Court Appearances & Preparation
g. Conferences, Interviews, Telephone Calls, Meetings & Correspondence
h. Mediation & Settlement

Exhibit 1

# EXHIBIT 2

*MCKENZIE V. RUBY RECETIONISTS, INC*

*MAIDEN V. RUBY RECEPTIONISTS, INC.*

# LAX LLP

**EXPENSE REPORT — Inception through April 30, 2021**

| **Categories:** | **Amount** |
|---|---:|
| Filing/Witness Fees/Pro-Hac Vice Fees | $1,300.00 |
| Court Reporters/Transcript/Video | $448.19 |
| Out-of-Town Meals/Hotel/Transportation | $10,147.04 |
| | |
| **TOTAL EXPENSES:** | $ 11,895.23 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Exhibit 2

# EXHIBIT 3

LAX LLP

380 Lexington Avenue, 31st Floor
New York, New York 10168
Telephone (212) 818-9150
Facsimile (212) 208-4309

## Firm Resume

Lax LLP practices primarily in the area of complex commercial litigation, placing particular emphasis on representing plaintiffs in class action and derivative suits in the federal and state courts. Over more than two decades, the firm has become well known for its academic approach to the practice of law, as well as its dedicated sense of client advocacy.

Lax LLP has been actively involved in cases representing clients in actions involving issues of securities fraud and corporate governance, consumer fraud, consumer finance, antitrust, as well as royalty and intellectual property disputes. The firm's ability and expertise in handling these matters has been recognized by both the judiciary as well as members of the Bar, with the result that the firm has been frequently appointed class counsel by Federal and State courts, and designated to serve in leadership positions on the litigation committees of several of the nation's most prominent Multidistrict class action litigations.

**Robert I. Lax, Esq.** received a B.A. in economics from Brandeis University in 1991 and graduated in 1994 from the Benjamin N. Cardozo School of Law of Yeshiva University, where he was Managing Editor of the Cardozo Law Review and recipient of a Ford Foundation Fellowship in Public International Law. Mr. Lax practices primarily in the area of complex class action and derivative litigation, with a strong emphasis on matters involving consumer fraud, consumer finance, securities and corporate governance, antitrust and royalty disputes, and has been repeatedly selected by peers to be included in the Super Lawyers Magazine list of the top 5% of practitioners in the area of class action litigation in the New York Metropolitan area each year since 2013. Mr. Lax has well over two decades of experience litigating class action lawsuits and has taken leading roles in some of the most significant successful cases in these areas, having been appointed Co-Chair of the Plaintiffs' Executive Committee in *Shop-Vac Marketing and Sales Practices Litig.*, by the Middle District of Pennsylvania, sole Chair of the Plaintiffs' Counsel Executive Committee in *In Re: Sony SXRD R.P.T.V. Class Action Litigation*, by the Southern District of New York, sole Chair of the Plaintiffs' Counsel Executive Committee in the *LG/Zenith Rear Projection Television Class Action Litig.* and *In Re: Samsung DLP Television*

Exhibit 3
Page 1 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 8 of 16

*Class Action Litig.*, by the District of New Jersey, and Mr. Lax has also served as lead or co-lead counsel in numerous other notable class action cases across the United States. In addition, Mr. Lax sat on the Partners' Council of the National Consumer Law Center for two decades and has been a recurrent lecturer on consumer fraud and consumer finance litigation.

**Daniel E. Sobelsohn, Esq.,** of counsel, received a B.A. in History from Columbia College in 1992, and graduated in 1995 from Columbia Law School, where he was a member of the Business Law Review and Moot Court Board. Mr. Sobelsohn was formerly associated with Sullivan & Cromwell LLP and Skadden, Arps, Slate, Meagher & Flom LLP. Mr. Sobelsohn's practice focuses on representing plaintiffs and defendants in complex commercial litigation, including class action matters. Mr. Sobelsohn has been involved in several of Lax LLP's consumer class actions, including *In Re: Sony SXRD R.P.T.V. Class Action Litigation* and *In Re: Samsung DLP Television Class Action Litig.*

Some examples of Lax LLP's accomplishments in the class action and derivative arena include:

*In Re: Shop-Vac Wet-Dry Vacuum Marketing Litigation*, a consolidated class action referred by the Judicial Panel on Multidistrict Litigation to the Middle District of Pennsylvania. Lax LLP was appointed by the District Court as Co-Chair of the Plaintiffs' Executive Litigation Committee, which lead the litigation and coordinated prosecution of the consolidated actions as well as related actions pending in state court. The action sought redress for misrepresentations in connection with the marketing of the leading manufacturer of wet-dry vacuums to consumers in the United States, and alleged violations of the Federal Magnuson-Moss Warranty Act as well as state consumer fraud and warranty claims. After extended litigation involving complex scientific expert evidence and certification of a class, a global settlement of all of the pending actions providing redress for consumers nationwide was approved by the District Court in 2016.

*Novak v. Pacific Bioscience Latoratories, Inc. et al.*, Superior Court of the State of California, Los Angeles County. A class action brought on behalf of consumer purchasers of defendant's "Clarisonic" Skin-Brushes, alleging warranty and consumer protection statute violations as a result of concealed defects in those devices. The firm retained a forensic

Exhibit 3
Page 2 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 9 of 16

electrical engineer which uncovered the defect in the battery charging system, as part of its pre-filing investigation which uncovered the defect. A settlement which provided replacement brushes and extended warranties to class members nationwide was approved by the court in 2019.

*Verdie v. Mitsubishi Electric Visual Solutions America, Inc.,* Superior Court of the State of California, Stanislaus County. A class action brought on behalf of consumer purchasers of Mitsubishi LaserVue DLP projection televisions, alleging violations of the consumer protection statutes of California in that those devices contained charactaristic defects in their design which caused video anomolies which rendered them unusable, and that the manufacturer failed to maintain sufficient spare parts to repair them. In 2015, the Superior Court approved a favorable resolution of these claims for a nationwide class of consumers, which provided for the defendant to repurchase or repair the televisions. Lax LLP served as co-counsel for the Class.

*Summers et al. v. Toshiba America Consumer Electronics, Friedman et al. v. Samsung Electronics America, Messick et al. v. Pioneer Electronics USA, Inc.,* Superior Court of the State of New Jersey and Superior Court of California. Three separate nationwide consumer class action lawsuits brought on behalf of purchasers of both Toshiba, Samsung, and Pioneer DVD players, alleging that those machines contained inherent defects rendering them incompatible with the standards set for such devices, and therefore unable to properly play all compatible DVD Video discs, and asserting causes of action alleging breach of warranty and violation of consumer fraud statutes. In connection with these litigations, the firm sucessfully sought certification of plaintiff classes, undertook extensive forensic data and other discovery in the United States and in Asia, all leading to the sucessful negotiation of significant settlements providing extensive relief to the Class which were approved by the courts in March 2004,

Exhibit 3
Page 3 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 10 of 16

January 2005, and January 2007. The firm served as co-lead counsel for the plaintiff classes in all three cases.

*In Re: Samsung DLP Television Litig.,* United States District Court, District of New Jersey. Consolidated class action lawsuit involving allegations of breach of warranty and consumer fraud brought on behalf of over one million consumer purchasers of Televisions utilizing Digital Light Processing technology, alleging that the TVs suffered from the "Shadow Effect" which caused darkened lines to appear on the screens. In August 2010, the Court approved what it termed "a strong, favorable, positive result for all class members" which included full cash refunds of repair expenses, and free repairs, and noting that "Class Counsel were highly skilled, vigorous advocates every step of the way." The firm served as sole Chair of the Plaintiffs' Counsel Executive Committee.

*In Re: Sony SXRD Rear Projection Television Litig.,* United States District Court for the Southern District of New York. A consolidated consumer class action filed on behalf of owners of Sony rear projection televisions which alleged that the televisions were sold with an undisclosed latent defect which caused "green blobs" and "yellow stains" to obscure the viewing screen, and asserting causess of action under the Magnusson-Moss Warranty Act, as well as breach of warranty and violation of the consumer fraud statutes of several states. A nationwide settlement was approved by the Court in May 2008 providing extensive relief to the Class, including cash refunds and free repairs. The firm served as lead counsel in the consolidated action.

*Rinaldi et al. v. Iomega Corp.,* Superior Court of the State of Delaware, New Castle County. A nationwide consumer class action filed on behalf of more than 24 million consumer purchasers of defendant's computer peripheral storage device, alleging that these products

Exhibit 3
Page 4 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 11 of 16

possessed latent defects which constituted a breach of warranty and a violation of relevant consumer protection statutes. The firm successfully negotiated a settlement valued in the tens of millions of dollars which was approved by the Court in June 2002. The firm was co-lead counsel for the Class.

*In Re: LG/Zenith LCD Rear Projection Television Class Action Litigation,* United States District Court, District of New Jersey. Consolidated class action lawsuit brought on behalf of consumer purchasers of rear projection televisions, asserting causes of actions arising under various consumer protection and warranty statutes relating to latent design defects in those products. The firm was appointed Chair of the Plaintiffs Litigation Committee, and sucessfully negotiated a settlement providing product refunds and free repairs valued in the tens of millions of dollars, which was approved by the Court in 2009.

*Albert et al. v. Fletcher (In Re: ASD Shareholders Litig.),* Superior Court for the State of California, Los Angeles County. A multi-defendant shareholder suit involving both class action and derivative claims alleging self-dealing and breach of fiduciary duty against corporate officers, directors, investment bankers and attorneys, which led to a class settlement of $17.9 million, approved in March, 2001. In approving the settlement, the Honorable Marvin Lager noted the "top notch" work and "superior" level of advocacy by Class Counsel. The firm was co-lead counsel for the Class and served on the Executive Counsel Committee.

<u>Bornstein v. Whirlpool Corporation</u>, Circuit Court for Miami-Dade County, State of Florida. Class action lawsuit brought on behalf of purchasers of certain Kitchen-Aid brand stand mixers marketed with allegedly inflated horsepower ratings, and asserting causes of action arising under consumer protection statutes, breach of warranty, and the Magnusson-Moss Warranty Act. After extensive expert analysis involving the proper measurement of horsepower

Exhibit 3
Page 5 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 12 of 16

in electric motors, a negotiated settlement was reached and certification of a nationwide class was approved by the Court in November, 2014, providing warranty relief to the class, and corrective marketing measures in which the defendant agreed to refrain from improper horsepower marketing practices.

*In Re: Pioneer X30 Rear Projection Television Litigation*, Superior Court of the State of California. Consolidated consumer class action lawsuits brought on behalf of purchasers of Pioneer rear projection televisions, alleging that the televisions were sold with an undisclosed charactaristic defect which rendered them incapable of properly rendering video, and asserting causes of action arising under the Magnusson-Moss Warranty Act, as well as breach of warranty and violation of the consumer fraud statutes of several states. After litigation in multiple jurisdictions, including the sucessful defense of pre-trial rulings on interlocutory appeal, and extensive discovery involving complex technical issues, a nationwide settlement was approved by the Court in 2006 providing extensive relief to the Class, including cash reimbursements, free repairs, and product rebates. The firm served as co-lead counsel in the consolidated action.

*Tulley v. AT&T Communications of California*, Superior Court of California, Los Angeles County. Class action brought against telecommunications provider asserting systematic misbilling of telephone service charges to low income consumers, in which the firm served as co-counsel to the Class. A settlement was approved in 2007, resulting in the disgorgement and distribution of $4.3 million to consumers.

*Vega et al. v. Credit Bureau Enterprises, Inc.*, United States District Court, Eastern District of New York. Class action brought on behalf of over 1,000,000 consumers nationwide seeking redress for violations of the Federal Fair Debt Collection Practices Act. After the contested certification of the class, and an award of summary judgment in the Class' favor, in

Exhibit 3
Page 6 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 13 of 16

2006, the Court approved what is believed to be the largest civil recovery within the Second Circuit in litigation under the Federal debt collection practices statute. The firm served as Lead Counsel for the Class.

*In Re Risk Management Alternatives FDCPA Class Action Litig.*, United States District Court, Southern District of New York. Consolidated class actions brought on behalf of approximately 800,000 consumers nationwide seeking redress for violations of the Federal Fair Debt Collection Practices Act. After the contested certification of the class, the firm negotiated – and the Court approved -- what is believed to be the second largest civil recovery within the Second Circuit in litigation under the Federal debt collection practices statute. The firm served as Chair of the Plaintiffs' Lead Counsel Committee in the consolidated actions.

<u>Englade v. HarperCollins, Inc.</u>, Supreme Court of New York, County of New York. A class action brought against a publishing company on behalf of its published authors, alleging breach of contract and breach of the implied duty of good faith and fair dealing in selling books to related entities at below market prices. In an Order later affirmed by the Appellate Division, the Honorable Paula Omansky certified a nationwide class, and, noting the firm's standing at the Bar, appointed the firm as co-lead counsel to the Class. A settlement providing for the recalculation and disgorgement of several million dollars of royalties to authors was approved by the court in early 2003.

*Milex Electronics Corp. et al. v. Pitney Bowes Credit Corp.*, New York State Supreme Court, County of Suffolk. A class action suit alleging illegal practices in the lease financing of office equipment products. A class was certified by the Court and The firm appointed co-lead counsel to the Class. A class settlement was approved in April, 2001, in which defendant paid each class member a full refund plus interest of all allegedly improper lease payments.

Exhibit 3
Page 7 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 14 of 16

*Duronslet et al. v. TransWorld Systems, Inc.,* United States District Court, Central District of California. A suit brought on behalf of a class of 1.5 million consumers against a debt collection firm alleging violations of the Federal Fair Debt Collection Practices Act. The firm successfully negotiated and obtained final approval of a class settlement which was amongst the largest in the history of the Ninth Circuit in litigation under the Act. The firm acted as co-lead counsel to the Class.

*McCarthy et al. v. ExTerra Credit Recovery, Inc.,* United States District Court, Southern District of New York. A suit brought on behalf of a class of over 55,000 consumers against a debt collection firm alleging violations of the Federal Fair Debt Collection Practices Act. The firm successfully negotiated and obtained final approval of a class settlement including a monetary payment to a common fund benefiting the Class, as well as the entry of an injunction prohibiting further violations of the Act. The firm was appointed lead counsel to the Class and co-lead counsel of the plaintiffs' Liaison Committee for the consolidated litigation.

*Hatcher et al. v. Dorchester Publishing Co.,* New York State Supreme Court, County of New York. A suit brought on behalf of a class of authors against their publisher alleging commission of various tortious acts including fraud, breach of contract and breach of fiduciary duty. The litigation resulted in a class settlement worth over $1 million, approved in March 1998. The firm acted as liaison and co-lead counsel to the Class.

*Schwab et al. v. America Online, Inc.,* Circuit Court of Cook County, Illinois, Chancery Division. A nationwide consumer class action alleging misrepresentations that defendant could or would provide unlimited online access in which The firm served on the Class Counsel Committee. A nationwide class was certified and a class settlement approved in February, 1998.

Additional information regarding Lax LLP will be provided upon request.

January 1, 2021

Exhibit 3
Page 9 of 9

Exhibit 4
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 16 of 16