IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| McKENZIE LAW FIRM, P.A., and OLIVER LAW OFFICES, INC. on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUBY RECEPTIONISTS, INC.,<br><br>Defendant. | Case No. 3:18-cv-01921-SI |

**DECLARATION OF JON M. HERSKOWITZ IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF BARON AND HERSKOWITZ**

I, Jon M. Herskowitz, declare as follows:

1. I am a member of the law firm of Baron and Herskowitz. I submit this declaration in support of Class Counsel's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this consumer class action litigation, including both this Federal Action and a parallel action in the Circuit Court of the State of Oregon, for the County of Multnomah, Case No. 17CV48545. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2. My firm acted as Plaintiffs' class co-counsel and as Class Counsel in this matter. My firm has extensive class action experience. The firm represents individuals, small businesses, and employees in class action cases litigated in the United States. My firm has served as sole

lead-counsel, as co-lead counsel, or on an executive committee in numerous class actions, including cases brought on behalf of consumers.

3. The work done in this case by Class Counsel is described in detail in the Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs, which is being filed concurrently with this declaration.

4. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time, by category, spent by the partners, other attorneys, and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.[1] The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[2] Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5. The hourly rates for the partners, other attorneys, and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation.

6. As of May 1, 2021, the total number of hours expended on this litigation by my firm is 431.50 hours. The total lodestar based on the law firm's current rates is $345,200, consisting of $800.00 per hour for attorneys' time. For this matter, Baron and Herskowitz did not use paralegals or other support staff, only secretarial, and therefore is not billing for staff time.

---

[1] This application does not include time for anyone who spent fewer than 5 hours on this litigation.

[2] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

2

Exhibit 5
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 2 of 11

7. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

8. I have general familiarity with the range of hourly rates typically charged by plaintiffs' class action counsel in the district where my firm is located and throughout the United States, both on a current basis and historically.

9. In addition to my general familiarity with market rates and my review of the hourly rates claimed by other class action counsel, my conclusion that the hourly rates of Baron and Herskowitz are reasonable is bolstered by the following authorities and evidence:

   (a) These rates are those normally offered and charged to clients for non-contingent work and have not been altered to account for the contingent nature of this litigation or the delay in payment.

   (b) These rates have been deemed reasonable in connection with the approval of my firm's fee applications in recent matters:

   (c) The hourly rates are commensurate with what other lawyers of similar experience charge, as acknowledged by courts in the Eleventh Circuit, as well other federal and state circuits:

10. As detailed in Exhibit 2, my firm has incurred a total of $10,524.14 in un-reimbursed expenses in connection with the prosecution of this litigation.

11. The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses as charged by the vendors. Third-party expenses are not marked up. Upon request, we will provide the Court with copies of documentation for each of the costs itemized above.

12. By agreement between Plaintiffs' Counsel, my firm is not charging separately for the following costs and expenses: secretarial and clerical overtime, including their meals and

3

local transportation; after-hours HVAC; word processing; subscription legal research, secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___7th___ day of __May__

_____
JON M. HERSKOWITZ, ESQ.

4

# EXHIBIT 1

*McKenzie Law Firm, P.A. and Oliver Law Offices, Inc. v. Ruby Receptionists, Inc.*

**Baron and Herskowitz**

**TIME REPORT — Inception through May 1, 2021**

| Name | A | B | C | D | E | F | G | H | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **PARTNERS:** | | | | | | | | | | | |
| Jon M. Herskowitz | 52 | 75.25 | 88 | 30.75 | 24 | 17.75 | 105.50 | 38.25 | 431.50 | $800.00 | $345,200.00 |
| | | | | | | | | | 0.00 | | $0.00 |
| | | | | | | | | | 0.00 | | $0.00 |
| **ATTORNEYS:** | | | | | | | | | | | |
| | | | | | | | | | 0.00 | | $0.00 |
| | | | | | | | | | 0.00 | | $0.00 |
| | | | | | | | | | 0.00 | | $0.00 |
| **PROFESSIONAL SUPPORT STAFF:** | | | | | | | | | | | |
| | | | | | | | | | 0.00 | | $0.00 |
| | | | | | | | | | 0.00 | | $0.00 |
| | | | | | | | | | 0.00 | | $0.00 |
| **TOTAL LODESTAR** | 52 | 75.25 | 88 | 30.75 | 24 | 17.75 | 105.50 | 38.25 | 431.50 | $800.00 | $345,200.00 |

**CATEGORIES**

a. Case Assessment, Pre-Filing Investigation, Initial Complaint
b. Briefs, Motions, Pleadings and Research
c. Discovery and Post-Filing Investigation
d. Class Certification
e. Experts & Consultants
f. Court Appearances & Preparation
g. Conferences, Interviews, Telephone Calls, Meetings & Correspondence
h. Settlement

Exhibit 1

# EXHIBIT 2

*McKenzie Law Firm, P.A. and Oliver Law Offices, Inc. v. Ruby Receptionists, Inc.*

**Baron and Herskowitz**

**EXPENSE REPORT — Inception through May 1, 2021**

| **Categories:** | **Amount** |
|---|---|
| Photocopies/Reproduction | $475.20 |
| Postage/Notice Costs | |
| Telephone | |
| Messengers/Express Services | $100.14 |
| Filing/Witness Fees | $1,000.00 |
| Court Reporters/Transcript/Video | $547.98 |
| Computer Research (Lexis, Pacer, etc.) | $1,328.39 |
| Experts/Consultants/Professional Services | |
| Document and Data Management Expenses | $2,095.67 |
| Mediation | |
| Out-of-Town Meals/Hotel/Transportation | $4,976.76 |
| Facsimile Charges | |
| **TOTAL EXPENSES:** | $10,524.14 |

Exhibit 2

# EXHIBIT 3

**BARON & HERSKOWITZ TRIAL LAWYERS** represent clients in tort litigation, medical malpractice, employment discrimination, nursing home neglect, and consumer class action litigation. The firm has extensive experience in both jury and non-jury trials, substantive hearings and depositions. The practice predominately is in all Florida State and Appellate Courts, Florida Federal Districts. Counsel has participated in cases in numerous states nationwide in a variety of matters.

## JON M. HERSKOWITZ



**Partner at Baron & Herskowitz** (2008 – present)

### PRIOR EXPERIENCE

The Herskowitz Law Firm (1994-2008)

Partner representing the injured in claims of negligence, medical malpractice, employment discrimination, civil rights, and consumer class actions.

Office of the State Attorney, Miami, Florida-Assistant State Attorney
1989 to 1994

Investigated and prosecuted over a hundred (100) jury trials involving first degree murder, sexual battery, armed kidnaping and armed trafficking of cocaine. Primarily assigned to the narcotics unit where duties entail the prosecution of all cases involving

Exhibit 3
Page 1 of 5

major quantities or shipments of illegal narcotics, as well the responsibility for investigations of corporations, establishments, and law enforcement.

### ACADEMIC

<u>Emory University School of Law, Atlanta, Georgia</u>
Juris Doctor Degree - 1989

<u>University of Georgia, Athens, Georgia</u>
Bachelor of Arts-Psychology - 1986

### SPECIAL SKILLS

<u>National Institute of Trial Advocacy</u> - 1993 to the Present
Master Professor

Lecture, critic and demonstrate all steps of the trial process from pre-trial motions voir dire to the cross examination of experts and closing argument. Have lectured, instructed, and demonstrated at various universities and seminars across the country, including, Atlanta, Georgia, Fort Lauderdale, Florida, and Boston, Massachusetts.

<u>Harvard Law School</u> (1994)
Teaching Diploma – Advanced Advocacy Skills Program

<u>Trial Notebook</u>
1991, 1992, 1993
Compiled, wrote, and published a thirty-two (32) page manual for use at trial for the Florida Prosecuting Attorneys Association. Contained over 250 cases for every stage of the litigation process. Used by trial attorneys and for training at offices of the State Attorney throughout the State of Florida.

### ASSOCIATIONS AND MEMBERSHIPS

<u>Memberships</u>

Florida Bar, 1989
Colorado Bar, 1990
District of Columbia Bar, 1990
Southern and Middle District of Florida, 1990
U.S. Court of Appeals for the Eleventh Circuit, 1990

<u>Organizations</u>

American Trial Lawyers Association
American Bar Association
National Institute of Trial Advocacy

Exhibit 3
Page 2 of 5

American Inns of Court
National Employment Lawyers Association
Academy of Florida Trial Lawyers
Make A Wish Foundation
Ronald McDonald House

## FIRM HISTORY
### (CLASS ACTIONS)

The firm, which is AV-Rated specializes in the trial of civil litigation matters in Federal and State Courts emphasizing consumer class actions, professional negligence, civil rights, and personal injury matters. The firm has served as lead counsel and co-counsel representing Plaintiffs in recent class actions, as follows:

<u>Michael Cook v. Sony Electronics et al.</u> - Southern District of New York. A consumer defect class action filed brought on behalf of over 75,000 consumers alleged an inherent defect in widely advertised televisions and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court.

<u>Mark Risi and Terry Hollis v. Pioneer Electronics (USA) Inc.,</u> a consumer defect class action filed in Los Angeles, California; West Palm Beach, Florida brought on behalf of over 15,000 consumers alleged an inherent defect and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court.

<u>Dishkin v. Tire Kingdom Retail Corp.</u> - Eleventh Judicial Circuit - Florida. A class action filed against Tire Kingdom for violating several false advertising statutes in charging a shop fee. A monetary settlement was negotiated and approved by the Court.

<u>Toister v. Alegis Corp.,</u> Southern District of Florida. FDCPA class action in which there were thousands of customers significantly affected by a computer error. A monetary settlement was negotiated and approved by the Court.

<u>James Soper et al. v. Wyndham Hotels,</u> A multi-jurisdictional nationwide class action. Filed in Madison County, Illinois, Miami, Florida, and San Diego, California. Brought on behalf of thousands of consumers alleging that Wyndham misrepresented an "energy crisis" and fraudulently charged consumers an "energy surcharge." A monetary settlement was negotiated and approved by the Court.

<u>Kenneth Fischer, M.D. et al. v. Foundation Health</u> - Eleventh Judicial Circuit - Florida. A statewide class action brought on behalf of thousands of Florida physicians alleging that Foundation Health failed to promptly and appropriately pay physicians' bills for services rendered to patients. A monetary settlement was negotiated and approved by the Court.

Exhibit 3
Page 3 of 5

Exhibit 5
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 9 of 11

LaPlanche et al. v. Foot Locker, Eleventh Judicial Circuit - Florida. A nationwide class action brought on behalf of African American Managerial employees alleging discrimination based on Race. A monetary settlement was negotiated and approved by the Court.

Friedman v. Samsung Electronics America and Summer v. Toshiba American Consumer Products Inc. - Superior Court of New Jersey. A nationwide class action on behalf of millions of consumers alleging that Samsung and Toshiba DVD players contained inherent defects rendering them incompatible with the DVD video specification and unable to properly play DVD video discs. The settlements approved by the Court were valued at over $100 Million Dollars.

James Hutton, et al. v. Miami-Dade County - Eleventh Judicial Circuit - Florida. A county-wide class action for retaliation against employees for exercising their Worker's Compensation rights under Florida law. The case was settled after the Court granted Plaintiffs' Motions for Class Certification and Summary Judgment. All class members were provided 100% of all lost wages.

J.S. v. American Traffic Solutions/Dougherty et al. v. Hertz Corp. Seventeenth Judicial Circuit - Florida and United States District Court - New Jersey - related class actions filed in Florida State Court seeking a statewide class and federal court in New Jersey seeking a nationwide class for consumers who were improperly charged an administrative fee. The settlements approved by the Court exceeded $12,000,000.

Gjolaj v. Riddex Corp., Southern District of Florida. A nationwide class in which it was alleged that Riddex devices sold using a patented technology for pests did not meet perform as represented. A monetary settlement was negotiated and approved by the Court

Bornstein v. Whirlpool Corp. - Eleventh Judicial Circuit - Florida. A nationwide class action brought by purchasers of Whirlpool's Kitchen Aid 7-Qt./1.3 HP Standing Mixers. The case was brought under deceptive practices and breach of warranty for representations concerning the horsepower of the mixers. A settlement was negotiated and approved by the Court.

Perez v. Golden Heritage Foods - Eleventh Judicial Circuit - Florida. A nationwide class action brought on behalf of purchasers of Busy Bee Honey alleging deceptive practices for violating state regulations and breach of warranty. A settlement was negotiated and approved by the Court.

McMichael v. Shop-Vac Corp. – USDC New Jersey – A nationwide class action brought on behalf of purchasers of the Shop-Vac brand Wet/Dry Vacuum alleging deceptive practices for violating regulations concerning the horsepower of the Wet/Dry Vacuums. A settlement was negotiated and approved by the Court.

Alea/Hamburg v. Wilson Corp. – USDC Northern District of Illinois – A nationwide class action brought on behalf of purchasers of alloy baseball 3-piece designed baseball bats alleging a defective design and failing to honor warranty claims. A settlement was negotiated after extensive litigation and approved by the Court.

Haney et al. v. Plucienkowski et al. – 11th Judicial Circuit, Miami-Dade County, Florida – A class action was brought on behalf of 240 homeowners that suffered economic loss as a result of

Exhibit 3
Page 4 of 5

Exhibit 5
Joint Declaration in Support of Motion for Final Approval and Award of Attorney Fees and Costs and Service Awards to Plaintiffs
Page 10 of 11

a breach of a fiduciary duty by the Homeowners Association. The class was certified, and Defendants' dispositive motions were denied. A settlement was reached prior to trial and approved by the court.

Baron and Herskowitz consists of two main partners, 1 associate, three of-counsel attorneys, and an experienced and thoroughly professional support staff. The partners have been in practice over 65 years combined and have tried over 185 jury trials.

Exhibit 3
Page 5 of 5