# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**McKENZIE LAW FIRM, P.A.**, and **OLIVER LAW OFFICES, INC.**, on behalf of themselves and all others similarly situated,

        Plaintiffs,

    v.

**RUBY RECEPTIONISTS, INC.**,

        Defendant.

Case No. 3:18-cv-1921-SI

**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFFS**

Keith S. Dubanevich, Cody O. Berne, and Megan K. Houlihan, STOLL BERNE PC, 209 SW Oak Street, Suite 500, Portland, OR 97204; Robert I. Lax, LAX LLP, 380 Lexington Avenue, 31st Floor, New York, NY 10168; Laurence D. King, Matthew B. George, and Mario M. Choi, KAPLAN FOX & KILSHEIMER LLP, 350 Sansome Street, Suite 400, San Francisco, CA 94104; Jon M. Herskowitz, BARON & HERKSOWITZ, 9100 S. Dadeland Blvd, # 1704, Miami FL; and Gregory J. Brod, BROD LAW FIRM PC, 96 Jessie Street, San Francisco, CA 94105. Of Attorneys for Plaintiffs.

Renee E. Rothauge, Philip R. Higdon, Misha Isaak, Julia E. Markley, Patrick L. Rieder, Edward Choi, and Gregory J. Mina, PERKINS COIE LLP, 1120 NW Couch Street, Tenth Floor, Portland, OR 97209; and Austin Rainwater, DLA PIPER LLP, 701 Fifth Avenue, Suite 6900, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      This matter came before the Court on Plaintiffs' Motion for Final Approval of Class

Action Settlement and Award of Attorneys' Fees and Costs and Service Awards to Plaintiffs.

ECF 286. The Court previously granted preliminary approval of the Settlement Agreement on

PAGE 1 – JUDGMENT AND ORDER GRANTING FINAL APPROVAL

March 22, 2021 and certified a settlement class defined as all persons or entities in the United States who obtained receptionist services from Ruby between October 13, 2011 and May 31, 2018. ECF 280. The Court entered a Corrected Order of Preliminary Approval of Settlement on April 7, 2021. ECF 281. The Court held a fairness hearing in open court on July 8, 2021. Due and adequate notice having been given to the Settlement Class Members, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the Settlement Agreement, and having reviewed the record in this litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Unless otherwise provided, all terms used herein shall have the same meaning as set forth in the Corrected Class Action Settlement Agreement (ECF 287-1) (Settlement Agreement).

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Settlement Class Members.

3. On August 3, 2020, the Court appointed The Notice Company of Hingham, Massachusetts as Notice Administrator (Administrator). The Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement Agreement and shall comply with the terms of the Settlement Agreement. The Court orders Defendant to pay the costs of administrating the Settlement Agreement up to the cap agreed upon in Section 10 of the Settlement Agreement.

4. The parties have satisfied the prerequisites set forth under federal law for maintenance of the Action as a class action for settlement purposes, and the preliminary order certifying the Action as a class action shall become final.

5.      The Court finds that the distribution of notice of the Settlement Agreement has been completed in conformity with the Court's preliminary approval order. The Court finds that the notice was the best practicable under the circumstances and provided the Settlement Class with due and adequate notice of the proceedings and the terms of the Settlement Agreement. The Court finds that the notice fully satisfied the requirements of due process and the notice requirements of Rule 23(c)(2) and (e)(1) of the Federal Rules of Civil Procedure. The Court also finds that all Settlement Class Members were given a full and fair opportunity to object to the proposed Settlement Agreement, Class Counsel's application for an award of attorney fees and litigation costs, the payment of a Class Representative Service Award, the payment of the Administrator's fees, and to participate in the Final Approval Hearing. All Settlement Class Members wishing to be heard regarding the Settlement Agreement have been heard.

6.      The Court finds that two Settlement Class Members have formally objected, consistently with the Court's requirements for filing such objections to the Settlement Agreement, Class Counsel's application for an award of attorney fees and litigation costs, the payment of a Class Representative Service Award, or the payment of the Administrator's fees.

7.      The Court finds that the reaction of the Class to the Settlement was favorable.

8.      The Court grants final approval of the terms set forth in the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable with respect to the Settlement Class Members and pursuant to federal and other applicable laws and directs the parties to effectuate the Settlement Agreement according to its terms.

9.      The Court finds that the Settlement Agreement was reached based on informed and non-collusive, arms-length negotiations between experienced counsel for the Class and Defendant.

10. The Court finds that the Class Representatives and Class Counsel have adequately represented the Class.

11. The Court finds that the parties have conducted extensive investigation and research, and their attorneys were able reasonably to evaluate their respective positions.

12. The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable considering the expense, complexity, risk, and likely duration of further litigation.

13. The Court finds that all Settlement Class Members will be treated equitably relative to each other.

14. The Settlement Agreement is not an admission by Defendant, nor is this Judgment and Order a finding regarding the validity of any allegations or of any liability or wrongdoing by Defendant. Neither this Judgment and Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

15. The Court awards Class Counsels' attorney fees and costs in the total amount of four million dollars ($4,000,000) and Class Representatives and *Maiden* participation fees in the amount of $1,000 each (for a total of $3,000), all as provided for in Section 6 of the Settlement Agreement (directing that such participation fees be paid exclusively out of Class Counsels' award of fees and costs). As stated on the record during the hearing held on July 8, 2021, the Court has considered all factors required to be considered under Rule 23 of the Federal Rules of Civil Procedure, as most recently explained by the Ninth Circuit in *Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. 2021).

16. The Court finds that each Settlement Class Member shall be bound by the Settlement Agreement, including the release and covenant not to sue in Section 5 of the Settlement Agreement.

17. The Court dismisses on the merits, with prejudice, and without costs, except as provided in Sections 6 and 10 of the Settlement Agreement, all claims of the Settlement Class Members asserted in this Action.

18. All Releasors shall, as of the entry of the Judgment, conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims, and the Court forever enjoins and bars all Releasors, whether acting directly, representatively, derivatively or in any other capacity, from commencing, prosecuting, or participating in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

19. Without affecting the finality of the Judgment, the Court hereby reserves exclusive and continuing jurisdiction over this Action, the Settlement Class Representatives, the Settlement Class Members, Ruby, and their respective counsel for the purpose of, among other things, supervising the implementation, enforcement, construction, and interpretation of the Agreement and this Judgment and Order.

20. Notwithstanding the reservation of jurisdiction in Paragraph 19 of this Judgment and Order, this is a final and appealable judgment that ends the litigation of all claims alleged in this action.

DATED this 8th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 5 – JUDGMENT AND ORDER GRANTING FINAL APPROVAL